THEODORE W. E. HAMMER *v.* STATE OF INDIANA.

[No. 975S228. Filed September 15, 1976.]

*John D. Clouse,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *K. Richard Payne,* Deputy Attorney General, for appellee.

DeBRULER, J.—Appellant, Theodore W. E. Hammer, was charged with armed robbery, Ind. Code § 35-13-4-6 (Burns 1975), and kidnapping, Ind. Code § 35-1-55-1 (Burns 1975). After a trial by jury, he was found guilty of both charges. He was sentenced to ten years for armed robbery and to life imprisonment for kidnapping. He filed a timely motion to correct errors which was overruled.

On appeal, he raises five issues for review: (1) whether appellant was denied equal protection of the law when the

court denied his Petition of Election to be treated as a drug abuser, pursuant to Ind. Code § 16-13-6.1-16 (Burns 1976 Supp.), because he had committed a crime of violence which is a statutory exception; (2) that the court erred in giving, on its own motion, an instruction which included the sentence "[By] the non-enforcement of the law and its penalties in all criminal cases where it is shown by the evidence, beyond a reasonable doubt, to have been violated, contempt for the law is bred among the very class that it is intended to restrain," when the idea of classes is repugnant to the Constitution; (3) that the court erred in giving the jury a verdict form for armed robbery which provided for the jury's assessing the punishment within the range of ten to thirty years, without the benefit of a pre-sentence report; (4) that the court erred in refusing to give two instructions that the jury should give the benefit of the doubt to the defendant when the evidence was conflicting and when either of two interpretations was reasonable; (5) that the court erred in refusing to give three instructions on offenses which appellant argues are lesser included offenses of kidnapping, namely: assault, assault and battery, and assault and battery with intent to commit a felony.

The evidence was that appellant, whom the victim had seen and talked to briefly on three occasions, robbed a service station attendant using a shotgun and a knife and threatening the attendant. After robbing him, he kept the shotgun on the attendant, told him to close up and drive appellant where he wanted to go. In the car, during the twenty minute ride, appellant kept poking the attendant in the ribs with the barrel of the gun. As directed, the attendant let appellant out in a remote area, waited thirty minutes, and then drove home. He was able to identify a photograph of appellant a week after the crime.

(1) Appellant argues that Ind. Code § 16-13-6.1-16 is unconstitutional. That statute reads:

"A drug abuser charged with or convicted of a crime is eligible to elect treatment under the supervision of the

department instead of prosecution or imprisonment, as the case may be, unless (a) the crime is a crime of violence, (b) the crime is that of selling a narcotic or dangerous drug, (c) the drug abuser has a record of two or more prior convictions of a crime of violence, (d) other criminal proceedings, not arising out of the same incident, alleging commission of a felony are pending against the drug abuser, or (e) the drug abuser is on probation or parole and the appropriate parole or probation authority does not consent to that election, or (f) the drug abuser elected and was admitted to a treatment program on two prior occasions within any consecutive two-year period. An eligible drug abuser may not be admitted to a treatment program, however, unless the authorities concerned consent as hereinafter set forth. [IC 1971, 16-13-6.1-16, as added by Acts 1974, P.L. 59, § 1, p. 242]."

Appellant argues that the exception for those charged with violent crimes denies him the equal protection of the law guaranteed by the Fourteenth Amendment and Art. 1, § 23 of the Constitution of Indiana.

Before trial, appellant petitioned to be treated as a drug abuser. He stated that he met all the qualifications except for the nature of the crimes charged, and that, despite that exception, the equal protection provisions of the two Constitutions dictated that he be eligible for treatment as a drug abuser.

On appeal, he notes that the statute recognized that people may commit crimes because their will is bent by drugs. The statute also implicitly recognizes drug addiction as an illness. Therefore, he argues, if someone commits a violent crime [while a drug user] he is more likely to be strongly addicted and more in need of treatment. Consequently, it is not reasonable to exclude those most addicted.

Appellant's petition raised the constitutional issue, but he presented no evidence to support his implicit argument that there is no rational basis for the exception. It is possible that concern for the safety of other drug abusers undergoing treatment at the drug abuse centers was the basis for this exception. However, we do not

know whether the physical facilities are such that possibly dangerous drug abusers may be treated separately. More important, we do not know if the Legislature had in mind other rational bases relating to the type of treatment received and the type of physical facilities available, consistent with the constitutional mandate that the Indiana Penal Code be founded on the principle of reformation. Indiana Constitution, Art. 1, § 18.

· When any issue is raised which cannot be resolved without a factual hearing, and no such hearing took place at the trial court level, we have no basis for a decision. *Hardin* v. *State*, (1970) 254 Ind. 56, 257 N.E.2d 671. The State had no opportunity to defend the constitutionality of the statute. A decision at this level on this issue without the presentation of evidence by both parties and cross-examination cannot be made.

(2) We agree with appellant that the court's instruction, that non-enforcement of the law would breed contempt for the law "among the very class that it is intended to restrain," is an unfortunate choice of words. It may imply, as appellant asserts, that he is in the class who must be restrained, since he has been charged with a crime. However, this instruction does not offend the Fourteenth Amendment merely by its mention of "class." As appellant notes in his brief, we recognize many classes: the middle class, the working class, the wealthy class. Only if one is granted privileges denied to another class, without a rational basis, is a classification system improper. Appellant has no such argument to make here. He argues only that "talk of class is anathema to the American ideal" and that appellant is in the class referred to in the instruction, those charged with crime. As distasteful as we find this instruction, we do not find that its use was reversible error.

(3) Appellant argues that it was error to permit the jury to determine the number of years appellant should be sentenced for armed robbery, without first considering a pre-

sentence report. We have recently considered this issue in the constitutional context appellant suggests. *Pulliam* v. *State,* (1976) 264 Ind. 381, 345 N.E.2d 229, 241-243. In this case, appellant was sentenced to the minimum ten years which the armed robbery statute provides, so that the issue is moot on appeal.

(4) Appellant charges court error in not giving two instructions to the effect that doubts raised by conflicting evidence or evidence susceptible to two interpretations should be resolved in favor of the defendant. Since there were only two witnesses for the State, the gas station attendant and a police officer, and there was no conflicting evidence on any material issue or any element of the crime, such an instruction would have been meaningless.

(5) Appellant argues that his instructions on lesser included offenses of kidnapping should have been given. Indiana Code § 35-1-39-2 (Burns 1975) provides:

"[In all cases where the offense charged does not consist of different degrees,] the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment or information."

Appellant was charged by information:

"[Appellant, on November 5, 1971,] did then and there unlawfully kidnap and forcibly carry off [the victim] from a place within this state. . . ."

Appellant requested instructions on assault, assault and battery, and assault and battery with intent to commit a felony. Assault is defined as an attempt "to commit a violent injury upon the person of another." Ind. Code § 35-13-4-7 (Burns 1975). Assault and battery is committed when one "in a rude, insolent or angry manner, unlawfully touches another." Ind. Code § 35-1-54-4 (Burns 1975). Assault and battery with intent to commit a felony other than a felonious homicide is so defined. Ind. Code § 35-1-54-3 (Burns 1975).

Comparing these statutory definitions with the offense charged, we cannot agree with appellant that one could not "forcibly" act without committing either an assault or an assault and battery. One can kidnap or carry off another forcibly, without attempting a violent injury or unlawfully touching the victim in a rude, insolent, or angry manner. The kidnapper could use threats only or could threaten the victim with a gun or knife. Therefore, the elements of the offenses of assault and assault and battery are not necessarily included in kidnapping. The court correctly refused appellant's tendered instructions.

We find no error and affirm the judgment of the trial court.

Hunter and Prentice, JJ., concur; Givan, C.J., and Arterburn, J., concur in result.

NOTE.—Reported at 354 N.E.2d 170.