THEODORE W. E. HAMMER *v.* STATE OF INDIANA.

[No. 1077S745. Filed June 29, 1978.]

*John D. Clouse, Michael C. Keating,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Kenneth R. Stamm,* Deputy Attorney General, for appellee.

PRENTICE, J.—Petitioner (Appellant) is before this Court appealing the denial of his petition for post conviction relief, Post Conviction Remedy Rule 1. He was originally charged with and convicted of armed robbery, Ind. Code § 35-13-4-6 (Burns 1975), and kidnapping Ind. Code § 35-1-55-1 (Burns 1975). He was sentenced to ten years for armed robbery and to life imprisonment for kidnapping. His convictions on both counts were affirmed by this Court on direct appeal in *Hammer* v. *State,* (1976) 265 Ind. 311, 354 N.E.2d 170.

The pertinent facts are not in dispute; and it is petitioner's contention that at his trial he was denied equal protection of the law, in violation of Article I, Section 23 of the Constitution of Indiana and the Fourteenth Amendment to the Constitution of the United States. The alleged denial was the refusal of an "included offense" instruction while subsequently charging another with the included offense and accepting a guilty plea. It is petitioner's contention that by denying him the tendered instruction the court denied him a "fair shot" at a conviction for the same offense to which the other defendant, one Palmer, was permitted to plead guilty, as a result of which, petitioner is serving a life sentence for kidnapping, and Palmer is serving a sentence of one-to-ten years for assault and battery with intent to commit kidnapping.

At first reading of the briefs and record herein we assumed that the petitioner and Palmer had been accomplices in the same events that lead to petitioner's conviction and that through plea-bargaining Palmer had been permitted to plead guilty to the lesser offense. Had this been the case, we could better understand petitioner's argument, although our decision would be the same. However, an examination of the charging affidavit against Palmer and our opinion in the petitioner's direct appeal reveals that there was no connection between the offenses committed by the two. Petitioner was charged with robbery and rape committed on November 5, 1971, while Palmer was charged with an assault and battery with intent to kidnap occurring on August 13, 1975. It is, therefore, appropriate for us to dispose of this appeal by the application of Ind. R.P.C. 1, § 5 which places the burden of establishing his grounds for relief upon the petitioner. Here, the petitioner asserts that he was entitled to consideration under the same statute as was applied to Palmer, but the record not only fails to disclose that they were of the same class or similarly situated, it affirmatively discloses that they were not. Petitioner acknowledges that he is without authority to support his argument which, in essence,

is that defendants in different cases charged with different crimes under different circumstances and at different times are, nevertheless, entitled to the application of the same criminal statutes because there is some similarity in the circumstances. We reject this argument as being without such color of validity as to require the citation of authority to the contrary.

Petitioner has quoted from *Skinner* v. *Oklahoma,* (1941) 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655, 1660:

"When the law lays an unequal hand on those who have committed intrinsically the same quality of offense . . . it has made as invidious a discrimination as if it had selected a particular race or nationality for oppressive treatment."

That case, however, related to a statute which provided for the sterilization of certain convicted felons while excluding from its purview certain others within the same classification, without reasonable basis for the distinction. It has no application to the case at bar where those treated differently were in obviously different categories. Also quoted in the *Skinner* case is the following:

". . . Only recently we reaffirmed the view that the equal protection clause does not prevent the legislature from recognizing 'degrees of evil' (Traux v. Raich, 239 US 33, 43, 60 L.Ed. 131, 136, 36 S.Ct. 7, LRA1916D 545, Ann Cas 1917B 283) by our ruling in Tigner v. Texas, 310 US 141, 147, 84 L.Ed. 1124, 1128, 60 S.Ct. 879, 130 ALR 1321, that 'the Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same.' " 86 L.Ed. at 1659.

Petitioner has also alluded to "unbridled discretion on the part of the courts and especially the office of the prosecutor in deciding how an individual shall be handled by our criminal justice system."

In *Highland Sales Corp.; Abel et al.* v. *Vance,* (1963) 244 Ind. 20, 186 N.E.2d 682, the appellant's position was that

they had been singled out for prosecution for violation of the business Sunday closings statute, while other offenders were not being prosecuted, to which we responded:

"We do not minimize the duty of the prosecuting attorney to exercise the power of his office fairly and in good faith. However, in order to warrant judicial interference with the office of the prosecuting attorney because of either nonfeasance or malfeasance, it must be made to appear from the facts alleged that such misconduct consists of a gross and intentional failure or refusal to enforce the law in some major area or that such misconduct is actually the product of bad faith or evil design. Such facts are not alleged in appellant's complaint." 244 Ind. at 34.

Neither has there been any charge or evidence in the case before us that the alleged disparity of treatment of petitioner and Palmer was a product of bad faith or evil design.

We find no error. The judgment of the trial court is affirmed.

Givan, C.J., and DeBruler, Hunter and Pivarnik, JJ., concur.

NOTE.—Reported at 377 N.E.2d 638.