MARGARET R. LIES *v.* ORTHO PHARMACEUTICAL CORP., ELI LILLY & CO., AND KENNETH L. GRAY, M.D.

[No. 572S66. Filed August 7, 1972.]

PRENTICE, J.—This matter is before us upon the petition of the defendants for withdrawal of our opinion and order of July 18, 1972 appointing a special judge under Trial Rule 53.1, the removed judge having joined in said petition. Said petition and the response of the plaintiff presents the following issues relative to Trial Rule 53.1:

1. The proper period for consideration of post-trial motion when all interested parties have filed legal memoranda bearing on the motion, and

2. Whether a motion pursuant to Trial Rule 53.2(A) may be withdrawn once filed, and

3. Whether the Court can and should grant a motion filed pursuant to an improper rule where the moving party is herself seeking an extremely strict application of the rules, and

4. Whether the motion pursuant to Trial Rule 53.2(A) violated Rule 6 of the Rules of the Circuit and Superior Courts of Marion County, Indiana.

On April 4, 1972, Plaintiff filed her motion to correct errors, together with a supporting brief. Briefs in opposition thereto were filed by the defendants on April 24, 25 and 27, and on May 9, the plaintiff filed a reply brief. Thereafter, on May 10, Plaintiff filed her praecipe for the issuance of a notice pursuant to Trial Rule 53.1(A),[1] upon which day we were also notified by letter from Plaintiff's counsel that he regarded the prospects as unlikely that counsel would agree upon a special judge. We are without information concerning the reasons for the delay of the Clerk in making the determination required of him and issuing the appropriate notice to us; and although the delay of two weeks appears to us to be excessive, it is not material to our determination. On May 19, the trial judge entered his ruling denying the plaintiff's motion to correct errors, and on June 2, the plaintiff filed with the trial court clerk, as one document, a withdrawal of Trial Rule 53.1(A) notice and praecipe for transcript. Nothing was filed with this Court regarding the withdrawal of the notice, and while the matter was thusly pending, this Court issued its order withdrawing submission from the trial judge and appointing the special judge.

(1) The filing of briefs or memoranda relative to motions does not in itself extend the time permitted the trial judge under Trial Rule 53.1(A) for ruling upon said motion. If additional time is likely to be required for proper briefing and consideration, counsel should agree under Trial Rule 53.1(A) (3), and the ruling date should be extended to a date certain by order book entry in accordance with such agreement. Otherwise, the trial judge has no alternative but to rule, to the best of his ability, without a full consideration

---

1. Although the praecipe was designated "Praecipe for Issuance of TR 53.2(A) Notice," it is obvious that a TR 53.1(A) notice was intended, and it has been so regarded both in the opinion and order of July 18, 1972 and herein.

of the briefs, or, if he deems it appropriate, apply to this Court for an extension under Trial Rule 53.1(A) (4).

(2) Since the purpose of Trial Rule 53 is to expedite litigation, no reason appears why a praecipe for a Trial Rule 53.1(A) notice may not be withdrawn by the party who filed it. Such withdrawal, of course, would not affect a notice issuable in accordance with a praecipe of any other party. The notice, however, once filed with this Court, may be quashed only by motion filed in this Court and addressed to its discretion by the party who caused its issuance.

(3) Defendants further urge that inasmuch as the praecipe of the plaintiff filed May 10 called for a notice under Trial Rule 53.2(A), rather than Trial Rule 53.1(A), the time permitted for ruling upon the motion to correct errors should be extended to ninety (90) days, in accordance with the time provisions of Rule 53.2(A). We see no merit to this contention. The error, as Defendants concede, was probably due to the recent renumbering of the two rules. Nevertheless, the time permitted by the rules for the judge to rule upon the motion is and was thirty (30) days. The praecipe and notice were sufficient to advise the trial court clerk, the trial judge and this Court that the plaintiff desired to withdraw the submission and have a special judge appointed.

(4) Rule 6 of the rules of the Circuit and Superior Courts of Marion County adopted April 6, 1970, provide the following:

"Any action under Rule 53.2 of the Indiana Rules of Procedure shall be taken only upon written notice of counsel of record, served personally on the judge involved at least five (5) days prior to the expiration of thirty (30) day period and then upon failure of the judge to act within the said thirty (30) day period, written request shall be served by counsel of record upon the Clerk to perform his duties under said Rule."

In view of the renumbering of our rules, this Rule number 6 would be applicable to our present Rule 53.1. Defendants

assert that the trial court's rules have been approved by this Court, indicating that they are in some way binding upon us. Trial Rule 81 provides for the trial courts to adopt rules *not inconsistent with our rules* and requires such local rules to be filed with the Clerk of this Court. We do not agree, however, that we have in any way approved such rules. We must further point out that said Rule 6 is not consistent with Trial Rule 53.1 but is an impingement thereon, in that it purports to attach a condition to its application. It is the duty of the trial judge to rule upon motions covered by Trial Rule 53.1 within thirty (30) days. Courtesy and discretion may dictate that counsel remind the judge that the time is about to expire, but our rule does not, and the trial court's may not, require it.

It is indicated that the confusing state of affairs leading to this opinion was wrought by a failure of Plaintiff's counsel to comprehend certain amenities and trial rules; and we think further comment is appropriate in hopes of avoiding future conflicts of a similar nature. We are perplexed by his filing of a praecipe to withdraw the submission only one day after having filed a reply brief. But for our insistence upon strict applications of Trial Rules 53.1 and 53.2 in order to expedite litigation and facilitate the appeals process, we would agree with counsel for the defendants that such activity was tantamount to an agreement; and we believe that the trial judge, under the circumstances, acted promptly and reasonably, although erroneously.

Contemporaneously with the filing of his praecipe for withdrawal of submission, counsel wrote a letter to the trial judge, with copies to opposing counsel, calling for a conference to attempt to reach an agreement as to the selection of a special judge under sub-section (3) of Rule 53.1 (A), and subsequently, by letter to our Court Administrator, alluded to an attempt to reach such an agreement under said sub-section. *The selection of special judges under Trial Rules 53.1 and 53.2 is the exclusive province of this Court.* Sub-

section (3) relates only to the parties agreeing to extend the time permitted the judge for ruling and not to the manner of selecting a special judge.

Having been served with notice of the plaintiff's move to effect a withdrawal of submission, the trial judge should have taken no further action until he was apprised of our action thereon, and doubtlessly he would not have ruled upon the motion to correct errors, except in reliance upon the aforementioned local Rule No. 6. Being unsure of whether the trial judge did or did not have jurisdiction to enter the ruling, counsel for Plaintiff understandably considered that his appeal's time might be running and felt compelled to praecipe for the transcript. Apparently he was of the opinion that he could not do so while the case was lying dormant for want of a judge. A party is entitled to a certified transcript at any time, and the filing of a praecipe is merely a request to the clerk for the same. It is also a preliminary step to an appeal, and for such purposes, must be filed within thirty (30) days after the ruling upon the motion to correct errors. (Appellate Rule 2). Neither the praecipe nor the certification, however, requires any approval or action by the judge. It was in this context that counsel undertook to withdraw the notice to withdraw the submission and appoint a special judge, but as previously set forth, this was no longer his prerogative.

The petition to withdraw the opinion and order of July 18, 1972 is denied.

The Honorable William L. Soards appointed by the aforesaid order of July 18 is directed to qualify forthwith as special judge in this cause, to vacate the ruling upon the motion to correct errors entered by the regular judge on May 19, 1972, to rule upon said motion and to proceed thereafter according to law.

This Court now being fully and satisfactorily advised with regard to the nature of the proceedings and the cause of

delay by the regular judge in ruling upon the aforesaid motion, that portion of our said order of July 18 requiring his report under Trial Rule 53.1 (D) is hereby vacated and set aside.

Arterburn, C.J., DeBruler, Givan and Hunter, JJ., concur.

NOTE.—Reported in 284 N. E. 2d 792.