BLUM'S LUMBER & CRATING, INC. *v.* CHARLES JAMES ET AL.
AND
STATE OF INDIANA EX REL. HESTER BAERTICH *v.* PERRY
COUNTY COUNCIL ET AL.

[No. 772S91. Filed August 15, 1972.]

PRENTICE, J.—This matter is before us on the responses of the trial judge to our orders of July 17, 1972 to show cause, satisfactory to this Court, why a special judge should not be appointed in the above entitled causes. Our aforesaid orders, omitting captions, are as follows:

## "ORDER

Defendants having filed in this Court a verified praecipe of counsel in the words and figures following: (H. I.) (copy attached) from which it appears that the defendants did, on June 29, 1972 make a good faith effort to praecipe under TR 53.2 to withdraw the submission of the above entitled cause from the Honorable David E. Evrard, regular judge of the Perry Circuit Court, and from which it further appears that said judge has actual notice of same, and there having been no notice of the withdrawal of submission filed in this Court, as required by Trial Rule 53.1 (B) nor any application for extension as permitted by said rule.

The said Honorable David E. Evrard is now ordered on or before August 1, 1972 to show cause, satisfactory to this Court, by verified return to Defendants' praecipe first above mentioned, why submission of said cause should not have been withdrawn on June 29, 1972. In the alternative, this Court shall deem the submission withdrawn and proceed in accordance with Trial Rule 53.2."

From the verified responses, we determine that the case of *Blum's Lumber & Crating, Inc.* v. *Charles James and Jerry James* was tried before the court and taken under advisement more than ninety (90) days prior to June 29, 1972, that prior to the expiration of said ninety days allowable time, the trial judge conferred informally with counsel for Plaintiff and Defendants and informed them orally of his tentative findings of fact and requested briefs upon the matters of law, which briefs were filed within said ninety day period. On May 5, 1972, the 107th day, he decided the case, but made no entry. Fourteen (14) days later he notified counsel for the plaintiff and directed such counsel to submit a proposed judgment entry. Although he entered the date upon his bench docket, the trial judge made no minutes of his decision therein and gave no notice of his decision to counsel for the defendants. On June 29, 1972 and without having requested a decision of the judge, counsel filed an imperfect, but adequate, praecipe with the Clerk for withdrawal of submission and appointment of a special judge under Trial Rule 53.2. The Clerk notified the judge of such filing, whereupon the judge informed the Clerk that judgment had been rendered prior to the filing of the praecipe and proceeded, nunc pro tunc, on July 5, 1972 to enter judgment as of May 5, 1972.

Upon the above showing, we are of the opinion that the submission should have been withdrawn as of the date of the filing of the praecipe and notice given thereof to this Court. [Trial Rule 53.2 and Trial Rule 53.1 (B)].

It is elementary that the court speaks only through its official records, the primary one being its order book. Litigants are charged with notice with what they hold and that which may be properly entered. They are not, however, charged with notice of or to be prejudiced by the uncommunicated thoughts of the judge or by private communications that may have passed between him and others.

The judgment herein was not properly rendered until July 5, 1972 and is a nullity by reason of the praecipe filed by the defendant on June 29, 1972.

The absence of an order book entry is correctible by a nunc pro tunc entry, which, when made, takes effect as of the time of the original judgment. *Chissom et al* v. *Barbour et al* (1885), 100 Ind. 1; *Leonard et al* v. *Broughton et al* (1889), 120 Ind. 536, 22 N. E. 731. *But entries may not be entered nunc pro tunc from thin air.* A written memorial or entry must exist and form the basis for establishing the error or omission sought to be corrected. *Cook* v. *State* (1941), 219 Ind. 234, 37 N. E. 2d 63. Such a rule is essential to protect and uphold the integrity of the order book. The mere entry of a date in the bench docket is not a sufficient memorial for such purposes.

It should be noted that a party may praecipe for withdrawal of submission at any time after expiration of the time allowed under Trial Rules 53.1 and 53.2 and prior to the ruling. A ruling is effective when entered of record. The praecipe is effective when filed. In this case the judgment could not be effective on May 5th because, not only was it not, at that time, sufficiently specific and final as to enable the defendant to base a motion to correct error thereon, but neither did the defendant have notice thereof.

The status of *State ex rel. Hester Baertich* v. *Perry County Council and Board of County Commissioners of Perry County, Indiana,* at the time of the filing of the praecipe, was essentially the same as that of *Blum's etc.* v. *James.* The judge had announced his decision to counsel for the plaintiff but not to the defendants' counsel. By a purported nunc pro tunc judgment, the trial court entered judgment on July 5, 1972 as of May 5, 1972. For the reasons previously mentioned, this was not permissible.

It was further pointed out in the returns that counsel

had not, prior to filing of his praecipes, indicated to the court that he desired rulings in the pending cases. He was not and can not be required to do so. *Lies* v. *Ortho Pharmaceutical Corp. et al* (1972), 259 Ind. 192.

The submission of said causes is withdrawn from the Honorable David E. Evrard, regular judge of the Perry Circuit Court, as of June 29, 1972, and he is disqualified to determine any of the issues therein, and said causes are hereby transferred to the Honorable Addison M. Beavers, regular judge of the Warrick Circuit Court, who is ordered to vacate the purported judgments hereinbefore mentioned and to proceed thereafter according to law.

And the Court being fully advised, by the returns of the Honorable David E. Evrard to the aforesaid order of July 17, 1972 said returns will be filed in accordance with Trial Rules 53.1 (D) and (E), and no further response is required herein.

Arterburn, C.J., and DeBruler, Givan and Hunter, JJ., concur.

NOTE.—Reported in 285 N. E. 2d 822.