HELEN H. ROLF *v.* NORMAN T. ROLF.

[No. 772S88. Filed October 16, 1972.]

*William E. Borror, Hunt, Suedhoff, Borrow & Eilbacher,* of Fort Wayne, for plaintiff.

*Larry J. Burke, Kennerk, Dumas, Burke & Backs,* of Fort Wayne, for defendant.

PER CURIAM—This matter was decided by this Court by an Order filed August 28, 1972. Due to the importance of the issue involved and the scarcity of case law in this area, we deem it necessary that we issue this opinion to explain the basis for our decision.

On June 20, 1972, the defendant filed a praecipe with the Clerk of the Allen Circuit Court under TR. 53.1(A) and TR. 53.2(A) requesting the Clerk to give written notice to the Trial Judge and to the Supreme Court that submission had been withdrawn pursuant to TR. 53.1(B). On June 28, 1972, the plaintiff filed Objections to Praecipe, and on July 3, 1972, the defendant filed an Answer to Objections to Praecipe. Due to the complexity of the issues involved, which will be discussed hereafter in this opinion, the Clerk, by letter dated July 7, 1972, requested instructions from this Court as to how he should proceed in this matter. Attached to said letter were plaintiff's Objections to Praecipe (which contained an affidavit from the Trial Judge) and defendant's Answer to Objections to Praecipe. After careful consideration of the issues presented, this Court determined that a special judge should be appointed. Inasmuch as the Trial Judge was aware that the praecipe had been filed, we believed it desirable, in order to expedite the disposition of this cause, that we treat the Clerk's request for instructions as an Application for

Appointment of a Special Judge. A special judge was appointed by our order dated August 28, 1972.

The facts are as follow: On December 15, 1971, the evidence was concluded and final arguments were heard by the trial court. The parties were granted until January 14, 1972, to submit proposed findings of fact and conclusions of law. After both parties had timely filed their proposed findings, the defendant, on January 28, 1972, filed a Motion to Present Additional Evidence. On March 20, 1972, the parties appeared, arguments were heard, and the defendant's Motion to Present Additional Evidence was taken under advisement. On June 20, 1972, some ninety-two days after the March hearing, the defendant filed a praecipe with the Clerk to withdraw submission of the issues and the motion.

The controversy arose from the events which occurred on June 20, the date the praecipe was filed. The Trial Judge has stated in his affidavit that on the morning the praecipe was filed, he was in the process of preparing both the "findings of fact and conclusions of law" and his ruling on defendant's Motion to Present Additional Evidence. The rulings had been dictated, but had not been typed. The Trial Judge further states that prior to the time the praecipe was filed, he had entered judgment for the plaintiff on the bench docket. It is the plaintiff's contention that since the Judge had entered a notation of the judgment on the bench docket prior to the filing of the praecipe, the praecipe was therefore filed too late. We do not agree.

In *Blum's Lumber & Crating, Inc.* v. *James* (1972), 259 Ind. 221, 285 N. E. 2d 822, a case which also involved the operation of TR. 53.1 (B), we stated:

> "It is elementary that the court speaks only through its official records, the primary one being its order book. Litigants are charged with notice with what they hold and that which may be properly entered. They are not, however, charged with notice of or to be prejudiced by the uncommunicated thoughts of the judge

or by private communications that may have passed between him and others." 285 N. E. 2d at 824.

In the case at bar, it should be observed that at the time the defendant filed the praecipe, he had no notice that a judgment was forthcoming. There had been no announcement of judgment to the parties; there was no entry of judgment in the order book; there was nothing in the "work in process" in the Clerk's office which would have indicated that a judgment had been entered. Under these facts, the praecipe must be considered as having been timely filed for purposes of TR. 53.1 (B).

It may well be argued that a "leak" of information from the Judge's Chambers to the losing attorney, informing him that an adverse judgment was forthcoming, would permit the attorney to hastily file a praecipe with the Clerk before the judgment was formally entered. On the other hand, assuming that an entry on the bench docket is determinative of the time for filing a praecipe pursuant to TR. 53.1 (B), it might be argued that the Clerk could inform the Judge that a praecipe had been filed which would thus enable the Judge to make a brief entry of judgment on his bench docket. It should first be noted that neither party has alleged that such sinister activity did occur, nor does the evidence so indicate. Although it is possible that such unethical and unlawful activity might occur, we are of the opinion that the formulation of guidelines for the effective operation of our Trial Rules cannot be predicated upon the contemplation of such conduct. When a party has decided to request that submission be withdrawn he should be permitted to proceed with certainty. We have previously determined that a party need not notify the trial judge that he intends to file a praecipe pursuant to TR. 53.1. See, *Lies* v. *Ortho Pharmaceutical Corporation* (1972), 259 Ind. 192; 286 N. E. 2d 170.

"Courtesy and discretion may dictate that counsel remind the judge that the time is about to expire, but our rule does

not, and the trial court's may not, require it." 286 N. E. 2d at 173.

Similarly, it should be unnecessary for a party to be required to check the judge's bench docket. The timeliness of the filing of the praecipe should be a matter determinable from the records maintained in the Clerk's office. Therefore, when a party is acting without notice that a judgment is forthcoming and when there is nothing in the Clerk's office, either in the order book or in the "work in process" that would indicate a judgment or ruling has been entered, the praecipe should be deemed effective when filed. This standard is fair to all litigants, and it will permit the rule to operate with certainty which will therefore tend to eliminate future situations such as the one presented here where both parties have filed objections and answers, including an affidavit from the trial judge.

This opinion is an affirmation of our order appointing a special judge filed August 28, 1972.

All Justices concur.

NOTE.—Reported in 287 N. E. 2d 865.