LARRY CODY, A/K/A LEROY HICKS v. STATE OF INDIANA.

[No. 3-475A73. Filed April 22, 1976.]

*James F. Stanton,* of Merrillville, for appellant.

*Theodore L. Sendak,* Attorney General, *K. Richard Payne,* Deputy Attorney General, for appellee.

HOFFMAN, J.—Defendant-appellant Larry Cody, also known as Leroy Hicks (Hicks) has taken this appeal following his conviction of the offense of robbery as defined in IC 1971, 35-13-4-6 (Burns Code Ed.):

> "Whoever takes from the person of another any article of value by violence or by putting in fear, is guilty of robbery, and on conviction shall be imprisoned not less than ten [10] years nor more than twenty-five [25] years, and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period. * * *."

An examination of the evidence most favorable to the State discloses that at approximately 12:30 A.M. on the morning of May 31, 1972, Jerome Michael Donavell was waiting for a taxicab near the intersection of Fifth and Adams in the City of Gary, Indiana. After waiting for a period of time without success, he began walking to his home. Upon proceeding a short distance, Donavell was confronted by four men, one of whom was carrying a "sawed off slugging hammer handle." Another, later identified as appellant Hicks, had a knife. Donavell "decided to turn tail and run" but was attacked from behind by Hicks who "grabbed" his shirt and stated, " 'hold it, m . . . f . . . * * * all I want is your money.' " The witness "turned around to run across the street * * * trying to get * * * help", but was soon surrounded by his assailants who again stated, " '[a]ll we want is your money.' " Hicks held a knife to Donavell's throat, and suddenly, the victim "felt a crack across the back of the head and * * * saw stars." During direct examination by the State, Donavell testified: "Well, while I was on the ground I felt them picking my pockets over. They stole a wallet, keychain, pens, watch, money. Money I had separated from the wallet because I didn't believe that my wallet would be sufficient enough to keep in because of pickpockets and robbery." Under cross-axamination, Donavell testified that on the night in question Hicks was wearing "a brown felt hat or a light tan felt hat he had a black t-shirt, also brown or tan trousers with pin stripes." The witness described appellant's face as being "sort of on the lean side." He further testified that Hicks "did have a well built figure, * * * a well built torso, * * * [and a] grimacing face at the time * * * [a]s if threatening to go ahead and slit my throat if I made a move." The witness later testified: "I was looking straight at him at the time he had the knife at my throat."

Donavell, who made a positive identification of appellant during the trial, testified under re-direct examination that the lighting conditions at the scene of the crime "were mer-

cury argon, the brightest known" and that the in-court identification was based solely upon the circumstances of the actual attack.

The evidence further revealed that appellant was among four men taken into custody by the police approximately fifteen minutes to half an hour after the incident. At the time of their arrest, the four were found to be in possession of a watch and two pens which were identified as the property of Donavell. Also recovered was a knife which Donavell identified as the one held by Hicks during the robbery.

On appeal, Hicks contends that the in-court identification made by Donavell was tainted by an overly suggestive identification procedure at the police station following the arrest.

In *Ballard* v. *State* (1974), 262 Ind. 482, 318 N.E.2d 798, at 803, it is stated:

> "There is an abundance of Indiana cases holding that reversible error will not exist if a witness's in-court identifictation of an accused is supportable by a factual basis which is independent of allegedly erroneous pre-trial identification procedures. [Citing authorities.]"

In the case at bar, Donavell described appellant's attire on the night in question, his facial expression and his physical characteristics. The witness testified that he was looking "straight at him at the time he had the knife at [his] throat." Further, he stated that the lighting conditions at the scene "were mercury argon, the brightest known", and that the in-court identification was based solely upon his observation at the time of the attacks. It must be concluded that there existed an independent factual basis to support the in-court identification of appellant.

Appellant further contends that his conviction is not supported by sufficient evidence.

In this case, however, the testimony of the victim, Donavell, fully establishes the essential elements of the crime. *See, Jones* v. *State* (1970), 255 Ind. 57, 262 N.E.2d 538, 23

Ind.Dec. 120. Appellant's conviction of the offense of robbery must be affirmed.

Affirmed.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 345 N.E.2d 849.