RANDY ZANE STOWERS *v.* STATE OF INDIANA.

[No. 1176S373. Filed June 21, 1977.]

Richard D. Gilroy, of Indianapolis, for appellant.

Theodore L. Sendak, Attorney General, David T. O'Malia, Deputy Attorney General, for appellee.

DeBruler, J.—Appellant was charged with kidnapping, Ind. Code § 35-1-55-1 (Burns 1975); rape, Ind. Code § 35-13-4-3 (Burns 1975); and robbery, Ind. Code § 35-13-4-6 (Burns 1975). A jury found him guilty of kidnapping, rape and theft, Ind. Code § 35-17-5-3 (Burns 1975), and the court sentenced him to life imprisonment, five years, and six months respectively. On appeal five issues are presented: (1) whether the jury verdict was supported by sufficient evidence; (2) whether the court erroneously refused an instruction tendered by appellant; (3) whether the trial court erred in admitting into evidence two exhibits; (4) whether the trial court erred in overruling appellant's motion to set aside jury verdict and to reinstate the plea agreement made between appellant and

the prosecutor; and (5) whether the trial court erred in denying appellant a hearing on his pre-trial motion to suppress the identification testimony of the alleged victim.

## I.

The evidence which supports the verdict shows that appellant was driving a red, white and blue Buick 500 pace car at midnight on the 24th of August, 1975. He stopped alongside a girl standing at the roadside and asked her if she needed a ride. She replied, "No." He drove past the same spot ten minutes later and again stopped the car alongside the girl. He then ordered her into the car, saying, "Get in or I will kill you" and while so threatening her, reached under the car seat. The girl, the alleged victim of the offenses charged, testified that she got into the car because she was scared. Upon entering the car she saw some stockings and a girdle on the floor. While he drove off, she asked him if he would take her home. Appellant drove to an alley where he parked. He ordered her to take off her clothes. She testified that she complied with this request because she was afraid that he would hurt her if she refused. She stated that appellant had sexual intercourse with her and that such act occurred against her will and without her consent. She attempted to get out of the car, but was held by appellant and thereby prevented from doing so. Appellant thereafter drove around with the girl in the car and picked up a friend. During this part of the episode she attempted to get out of the car, and appellant hit her in the face with his fist. Later she did manage to jump out of the car and run to a nearby house, where she called her mother and the police. Officer Findley responding to this call found the girl at that house, "crying and very hysterical," her hair mussed, clothes re-arranged, with a slight swelling on the left side of her face.

Appellant contends that the evidence of the element of force required for conviction of rape and kidnapping was insufficient. The information charged appellant "did . . . forci-

bly carry away . . . and kidnap . . ." the girl, and the rape count charged that appellant did have carnal knowledge of the girl "forcibly against her will."

At the curbside appellant threatened to kill the girl if she did not get in the car and supported the verbal threat with an act which was intended to convey to the victim the impression that a weapon was concealed beneath the seat by which such threat to kill would be carried out. While driving to the alley the only words spoken were uttered by the girl. She pleaded for him to take her home. While parked in the alley appellant prevented her attempted escape by holding her, and later while driving around, prevented her escape by hitting her with his fist. This was evidence of sufficient probative value to permit a reasonable trier of fact to conclude beyond a reasonable doubt that the girl was carried off by force; and that the act of sexual intercourse was had forcibly and against her will. *Dixon* v. *State*, (1976) 264 Ind. 651, 348 N.E.2d 401.

Appellant argues that the admission of the girl on the stand that she never actually saw a weapon during the entire episode renders the evidence of force insufficient. The element of force in rape and kidnapping need not consist of the use or display of a weapon. *Hammer* v. *State*, (1976) 265 Ind. 311, 354 N.E.2d 170; *Carroll* v. *State*, (1975) 263 Ind. 86, 324 N.E.2d 809.

## II.

Appellant's Instruction No. 2 was refused by the trial court. This was a special instruction tendered by appellant which stated:

> "The rape victim must resist to a degree which would indicate the act was against her will.
>
> However, the resistance necessary to be used by a woman allegedly raped to prevent the sexual act need not be the use of all the physical force of which she is capable, but it is sufficient if she, in good faith, uses reasonable resistance."

In dealing with alleged errors resulting from the refusal to give a tendered instruction we have adopted an approach

first outlined in *Davis* v. *State*, (1976) 265 Ind. 476, 355 N.E.2d 836. There we said:

"In considering whether any error results from refusal of a tendered instruction we must determine: (1) whether the tendered instruction correctly states the law, [Citation omitted.]; (2) whether there is evidence in the record to support the giving of the instruction, [Citation omitted.]; (3) whether the substance of the tendered instruction is covered by other instructions which are given, [Citation omitted.]." 355 N.E.2d at 838.

Appellant contends that the instruction is a correct statement of the law relying upon this Court's opinions in *Ritter* v. *State*, (1946) 224 Ind. 426, 67 N.E.2d 530, and *Carroll* v. *State, supra*. We do not agree. The requirement of proof of reasonable resistance is to be found in opinions of this Court and the Court of Appeals dealing with the sufficiency of evidence to support a jury verdict or court finding that the alleged intercourse occurred "forcibly against the will" of the alleged victim. *Shephard* v. *State*, (1946) 224 Ind. 356, 67 N.E.2d 534; *Carroll* v. *State, supra; Dixon* v. *State, supra*. The term "resistance" does not appear in the statute defining the offense of rape. Use of the term in opinions of this Court was never intended to imply that resistance is an element of rape, or that "forcibly against the will" is equivalent to "against resistance." It is rather a term used by judges and lawyers to identify a category of evidence commonly used in making proof of rape, the strength or weakness of which, may provide the basis for a decision as to whether the evidence as a whole is legally sufficient to constitute a prima facie case in the trial court, or is sufficient to support a finding or verdict of guilty on appeal. As law, it is applied by judges of both trial and appellate courts in judging the sufficiency of evidence in a rape case, it is properly utilized by counsel in arguing the evidence to a judge or jury. *Turner* v. *State*, (1972) 258 Ind. 267, 280 N.E.2d 621. It is not, however, a matter of law which the accused or the prosecution have a legal right to have included in the charge

to the jury. Nor does such legal right arise where the evidence of resistance is great or slight.

### III.

Appellant next argues that the trial court erred in admitting into evidence two State's exhibits, a brassiere and panty girdle found in the car alleged to have been driven by appellant. Such items were relevant as they substantiated the victim's story that she had been held captive and transported in the car on the night in question. As stated in *Magley* v. *State*, (1975) 263 Ind. 618, 335 N.E.2d 811:

> "The fact that a piece of evidence makes an inference slightly more probable suffices to show its relevance." 263 Ind. at 641, 335 N.E.2d at 825.

The relevance of such evidence was not negligible and its prejudicial effect was not as great as contended by appellant. The relevance was substantial and the threat to the fairness of appellant's trial from any supposed speculation by the jury about the manner in which such items got in the car was only minimal and did not render such items inadmissible.

### IV.

The next issue presented by this appeal is whether the trial court committed error in overruling appellant's motion to set aside jury verdict and to reinstate a plea agreement reached between appellant and the prosecution. Appellant contended that he entered a plea of guilty to the rape count in fulfillment of his obligations under a plea agreement; that the court determined such plea to be voluntarily made and supported by a factual basis; that it accepted his plea; that the trial court ordered a pre-sentence report; and that thereafter upon reading in the pre-sentence report that appellant had denied guilt to the probation officer, the trial judge on the date set for sentencing, set aside his plea of guilty on its own motion. Appellant contends that the trial court had no lawful authority to set aside his plea after it was accepted

absent a motion therefor by the defense pursuant to the statute governing such procedures. Ind. Code § 35-4.1-1-6 (Burns 1975). Appellant also contends that such action subjected him to a trial on the charges in violation of protection of Article I, § 14 of the Indiana Constitution and the Fifth Amendment to the United States Constitution, against being placed twice in jeopardy for the same offense.

The plea of guilty is an admission of guilt and a waiver of a cluster of constitutional rights. The trial court has a duty to consider and pass upon the validity of each plea, and in so doing must satisfy itself that there is a factual basis for the plea and that it is being made freely and understandingly. *Brimhall* v. *State*, (1972) 258 Ind. 153, 279 N.E.2d 557. While a court must be cautious here for the protection of the accused, once the plea has been entered and accepted by a court of competent jurisdiction upon a regular determination of factual basis and voluntariness, jeopardy attaches and absent waiver of jeopardy rights through a knowing and voluntary withdrawing of the plea by the accused, a subsequent trial on the charges would be barred by the Constitution. Ind. Code § 35-4.1-1-6, *supra*. *United States* v. *Tateo*, (1964) 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448; *Ledgerwood* v. *State*, (1892) 134 Ind. 81, 33 N.E. 631; *Boswell* v. *State*, (1886) 111 Ind. 47, 11 N.E. 788. However, this fundamental principle does not mean that a trial court is without authority to reject a guilty plea offered by the accused prior to acceptance of such plea. *Wright* v. *State*, (1970), 255 Ind. 292, 264 N.E.2d 67; *Knight* v. *State*, (1973) 158 Ind. App. 591, 303 N.E.2d 845. Certainly that authority does and must exist for the protection of the rights of the accused.

Appellant contends that his plea of guilty to the rape count, pursuant to the plea agreement, was entered and accepted by the trial court on February 9, 1976, and that such plea was not withdrawn by him in accordance with Ind. Code § 35-4.1-1-6. Two order book entries record the action of the trial court on that day in appellant's case. The first, entered con-

temporaneously with the day's hearing, records a receipt by the trial court of a plea of guilty to rape with sentence under the minor statute, consented to by the State, a motion to so plead granted, and the ordering of a pre-sentence report. The second order book entry reflecting that same February 9th court proceeding was entered on June 18, 1976, on motion of the prosecution, following the trial, and in response the appellant's motion to set aside the verdict and reinstate guilty plea agreement, which entry was made *nunc pro tunc* and was intended to entirely supplant the first entry which showed acceptance of the plea. This second entry states that the trial court received the plea conditionally, ordered pre-sentence report and set a future date for "acceptance of guilty plea and for sentencing if accepted." This entry would indicate that the trial court treated the plea representations of appellant in the presence of the prosecution as a "recommendation" by the prosecutor under authority of Ind. Code § 35-5-6-1, (Burns 1976 Supp.), and setting the future date for acceptance of the recommendation. If the *nunc pro tunc* entry reflects the true state of the record before us, there was no acceptance of the plea at all and appellant's challenges based upon such premise are without merit. Appellant did object to the making of the second entry and argues on appeal that such entry was merely made by the trial court as a way of changing his mind because appellant would not again at sentencing confess his guilt to the judge.

We turn then to consider whether the *nunc pro tunc* entry reflecting only that the plea of guilty was conditionally received by the court was properly and validly made. It would appear that Ind. R. Tr. P. 60, through Ind. R. Crim. P. 21, and Ind. Code § 35-4.1-2-2 (Burns 1975), may well provide direction for making such entries, however, no argument on this point is made in the brief and we therefore do not address ourselves to the point. The case law governing the procedure for making such entries is appropriate here. A *nunc pro tunc* entry is "an entry made now of something which was actually previously done, to have effect as of the

former date." *Perkins* v. *Hayward,* (1892) 132 Ind. 95, 31 N.E. 670. Such entries may provide a record of an act or event to which no reference at all is made in the court's order book, as was the case in *Neuenschwander* v. *State,* (1928) 200 Ind. 64, 161 N.E. 369, and *Warner* v. *State,* (1924) 194 Ind. 426, 143 N.E. 288, or they may serve to change or supplement an entry already existing in the order book as was the case in *Apple* v. *Greenfield Banking Co.,* (1971) 255 Ind. 602, 266 N.E.2d 13, and *Perkins* v. *Hayward, supra.* Such entries must be based upon written memoranda, notes, or other memorials which (1) must be found in the records of the case; (2) must be required by law to be kept; (3) must show action taken or orders or rulings made by the court; and (4) must exist in the records of the court contemporaneous with or preceding the date of the action described. *Blum's Lumber & Crating, Inc.* v. *James et al.,* and *State ex rel. Baertich* v. *Perry County Council et al.,* (1972) 259 Ind. 220, 285 N.E.2d 822; *O'Malia* v. *State,* (1934) 207 Ind. 308, 192 N.E. 435; *Schoonover* v. *Reed,* (1879) 65 Ind. 313; *Pittsburgh etc. R. Co.* v. *Lamm,* (1916) 61 Ind. App. 389, 112 N.E. 45. In addition to the above requirements, such entries may be made only upon notice to the parties and an opportunity of the parties to be heard on the matter. *Apple* v. *Greenfield Banking Co., supra; Neuenschwander* v. *State, supra.* The requirement of a written memorial may be relaxed when a simple correction of a clerical error in the record is sought. *Schoonover* v. *Reed, supra.*

The transcriptions of the plea proceeding held on February 9, 1976, and the sentence proceeding held on February 25, 1976, were required by Ind. R. Crim. P. 10, and Ind. Code § 35-4.1-1-5 (Burns 1975) to be made at the time of such proceedings, are to be found in the record of the cases, and reveal the action taken by the court at the proceedings. Such transcriptions are before us. They show that at no point did appellant directly state that he was guilty of the crime of rape. Defense counsel asked leave of court to withdraw pleas of not guilty and to enter a plea of guilty to the rape count only,

pursuant to an agreement with the prosecutor. Such motion was never specifically granted by the trial court. On the day of sentencing, defense counsel requested the court to accept the plea of guilty given two weeks before, thereby recognizing the tentative nature of such plea. At the conclusion of the plea proceeding the trial court in ordering a pre-sentence report and setting further proceedings for February 25, 1976, did not specifically identify the purpose of that proceeding. The court said only:

> "Alright, the court will order a pre-sentence Investigation and set it down for the 25th of February, at 11:45."

These transcriptions form an adequate documentary basis for the *nunc pro tunc* entry. Additionally, appellant was notified of hearing on the State's motion for such entry and was provided a reasonable opportunity to resist such motion, and did in fact make an argument in resistance to such motion. We, therefore, find that the second entry was validly made and it clearly establishes that the rejection of the plea representation by the trial court on its own motion was not made after an acceptance of a plea of guilty. Such rejection was therefore within the lawful authority of the judge. Likewise jeopardy had not attached prior to the trial on the charges thereby rendering such subsequent trial on the three counts unconstitutional under the Double Jeopardy Clauses.

## V.

Appellant's final contention is that the trial court erred in overruling his pre-trial motion to suppress. The trial public defender made a motion to suppress the in-court identification testimony of the alleged victim which would identify the accused as her assailant. The motion was based upon an impermissibly suggestive identification procedure carried out by the police. Defense counsel stood ready to present witnesses in support of the motion. The trial court refused to conduct a hearing and overruled the motion, and ordered the trial to commence. Later in the same day the victim was called

by the State as its first witness and in response to the fifth question put to her by the prosecution, and without objection by defense counsel, she identified appellant as her assailant.

The proposition is well established that questions of evidence are waived if there is no objection to such evidence at the time it is offered at trial. *Zupp* v. *State*, (1972) 258 Ind. 625, 283 N.E.2d 540; *Harrison* v. *State*, (1972) 258 Ind. 359, 281 N.E.2d 98. And such rule applies to preclude consideration of such questions on appeal even where a motion to suppress has been filed before trial. *Moss* v. *State*, (1975) Ind. App., 335 N.E.2d 633; *Cannon* v. *State*, (1975) Ind. App., 335 N.E.2d 229. A majority of this Court holds that such rule applies here, and that the failure to object to the introduction of the witness' testimony constituted a waiver of the question of the admissibility of such testimony. In resolving this issue in this manner, a majority of the Court also finds abundant evidence in the record that the prosecuting witness in no way relied upon any lineup confrontation in her identification of appellant. The lineup was not mentioned during the entire testimony of the witness. From her testimony it was obvious that she had every opportunity to observe the appellant over a period of several minutes, both inside and outside his automobile, and during a period of time in which she was forced to disrobe completely and the appellant disrobed himself. Under these circumstances a majority of the Court holds that even had the appellant objected to the prosecuting witness' testimony during the trial the objection would have been to no avail. The witness' identification of the appellant was based entirely upon observation independent of any lineup. Therefore her testimony should have been received. *Dewey* v. *State*, (1976) 264 Ind. 403, 345 N.E.2d 842; *Cody* v. *State*, (1976) Ind. App., 345 N.E.2d 849.

I find that I must take issue with the majority of the Court on this point. When, as in this case, the underlying claim, sought to be raised by a pre-trial motion to suppress is con-

414

stitutional in dimension, the waiver of that claim by failure to lodge a contemporaneous objection to evidence at trial becomes suspect in nature. *Dickson* v. *State,* (1976) 265 Ind. 325, 354 N.E.2d 157. When the trial court refused to permit evidence to be introduced in support of the motion to suppress, he, by his statement and questions to the trial public defender, made it clear that no discrete hearing for the purpose of suppressing the witness' identification testimony would be allowed. In failing to object to the evidence at trial, the trial public defender did not deliberately by-pass the opportunity to make a timely objection, but merely submitted to the firm resolve of the trial judge. In my view, appellant was entitled to a hearing and therefore I would remand this case on this point to the trial court for a hearing on the merits of the due process claim. *Dickson* v. *State, supra.* This alternative resolution has been rejected by the majority of this Court.

The conviction of appellant is affirmed.

Prentice, J., concurs; Givan, C.J., Hunter and Pivarnik, JJ., concur in the majority.

NOTE.—Reported at 363 N.E.2d 978.