Ronald ARMSTRONG, Appellant (Plaintiff Below),

v.

Jeanette LAKE, Appellee (Defendant Below).

No. 2-781A253.

Court of Appeals of Indiana, Second District.

April 21, 1983.

Rehearing Denied May 16, 1983.

Louis Buddy Yosha, Mark C. Ladendorf, Mitchell, Yosha & Hurst, Indianapolis, for appellant.

Rick D. Meils, Carol A. Glass, Meils, Zink, Thompson, Glass & Page, Indianapolis, for appellee.

SULLIVAN, Judge.

The Appellant, Ronald Armstrong, plaintiff below, (Armstrong) appeals a negative judgment in his suit for damages resulting from a collision between his pickup truck and an automobile driven by Appellee, Jeanette Lake, defendant below (Lake).

We reverse.

Armstrong presents several issues for review. In view of our disposition, however, the sole issue addressed is whether the trial court committed reversible error in mandating a six-person jury pursuant to Local Rule 14(A) of the Marion County Rules of Procedure of the Circuit and Superior Courts.[1]

This case was tried before a six-person jury over the objections of both parties. Armstrong contends that he was entitled to a twelve-person jury pursuant to Ind.Rules of Procedure, Trial Rule 48. This rule provides in relevant part: "The parties may stipulate that the jury shall consist of any number less than twelve." Armstrong argues that Local Rule 14(A) is inconsistent with T.R. 48, and therefore invalid under T.R. 81.[2]

The rules of procedure promulgated by the Supreme Court are binding on all Indiana courts. No inferior court "can circumvent the rules and thereby avoid their application." *In re Estate of Moore* (2d Dist.1973) 155 Ind.App. 92, 291 N.E.2d 566, 568. If a local rule is inconsistent with a trial rule, the trial rule takes precedence, and the local rule will be deemed without force and effect. *See Rumfelt v. Himes* (1982) Ind., 438 N.E.2d 980; *Otte v. Tessman* (1981) Ind., 426 N.E.2d 660.

In *State v. Bridenhager* (1972) 257 Ind. 699, 279 N.E.2d 794, 796, our Supreme Court stated:

"To be 'in conflict' with our rules . . ., it is not necessary that the statutory rules be in direct opposition to our rule, so that but one could stand per se. It is only required that they be incompatible to the extent that both could not apply in a given situation."

Although *Bridenhager* dealt with a procedural rule enacted by statute, its test would appear to apply equally to an inconsistent local rule.

Similarly, in *Lies v. Ortho Pharmaceutical Corp.* (1972) 259 Ind. 192, 286 N.E.2d 170, a local rule required counsel to remind a trial court that the time within which to rule on a motion under T.R. 53.1 was about to expire. Our Supreme Court struck down the rule, stating:

"[S]aid [Local] Rule 6 is not consistent with Trial Rule 53.1 but is an impingement thereon, in that it purports to attach a condition to its application. . . . Courtesy and discretion may dictate that counsel remind the judge that the time is about to expire, but our rule does not, and the trial court's may not, require." *Id.* at 195, 286 N.E.2d at 173.

Appellee Lake argues that Local Rule 14(A) is not inconsistent with T.R. 48. She impresses upon us the logic of *Colgrove v. Battin* (1973) 413 U.S. 149, 93 S.Ct. 2448, 37 L.Ed.2d 522, in which the United States Supreme Court by a five to four vote held that a local federal court rule which mandated a jury of six persons in civil cases was not inconsistent with Federal Rules of Civil Procedure, Rule 48. Federal Rule 48 is substantially similar to our T.R. 48. In *Colgrove* the Court stressed that the federal rule dealt only with a stipulation by the parties and did not "purport to prevent *court rules* which provide for civil juries of reduced size." *Id.* at 164, 93 S.Ct. at 2457, 37 L.Ed.2d 522 (emphasis in original).

Nevertheless, we are not bound by the determination of the federal courts in this area. Under the test declared by the Indiana Supreme Court, a local rule need not be in direct opposition to a trial rule in order to be in conflict with it. It need only be incompatible to the extent that both could not apply in a given situation. Under this test, Local Rule 14(A) cannot be upheld. The number eleven, for instance, falls within the ambit of "any number less than twelve" such that T.R. 48 requires that the parties be permitted to stipulate to a jury of eleven. Yet the local rule, which

---

1. Local Rule 14(A) provides: "All cases which are properly set for trial by jury shall be tried by a six (6) person jury with appropriate alternates."

2. T.R. 81 provides in relevant part: "Each local court may from time to time make and amend rules governing its practice not inconsistent with these rules."

requires that "[a]ll cases ... shall be tried by a six (6) person jury" clearly would not permit a jury of eleven, even if the parties so stipulated.

T.R. 48 was drafted at a time when the twelve-person jury was sacrosanct. Our Supreme Court has since recognized that a jury of twelve is not constitutionally mandated. *See Matter of Public Law No. 305 & Public Law No. 309* (1975) 263 Ind. 506, 334 N.E.2d 659 (upholding constitutionality and validity of statute requiring six-person juries in county court). However, a rule which permits stipulations of any number less than twelve makes little or no sense unless one assumes that, in the absence of a stipulation, the jury would consist of twelve. The only authority which might permit otherwise is the authority which created T.R. 48, *i.e.,* the Indiana Supreme Court. As an intermediate court, we may merely observe that the local rule is incompatible with the trial rule.

During oral argument, Appellee Lake alluded to legislation then pending before our General Assembly. On April 5, 1983, the Governor signed into law, effective September 1, 1983, House Enrolled Act 1843 which as I.C. 34–1–20.5 mandates a jury of six members in all civil cases.

Our reversal and remand for retrial might appear an exercise in futility if, after September 1, pursuant to I.C. 34–1–20.5 the retrial will be before another six-person jury. However, the efficacy of the new statute, whether dealing with a matter of substance or procedure or as arguably inconsistent with T.R. 48 are questions not before us. *But see State v. Bridenhager, supra,* 279 N.E.2d 794; *State v. Buckley* (2d

Dist.1978) 175 Ind.App. 586, 372 N.E.2d 1241. Rather, we hold only that Local Rule 14(A) is contrary to T.R. 48 and that therefore the trial court erred in compelling Armstrong to submit to a trial of a jury of six when Armstrong had expressly requested a jury of twelve members and had not stipulated to a jury of less than twelve members.

■ Lake contends that any error the trial court committed in mandating a six-person jury was harmless error. It is true that it would be difficult, if not impossible, for Armstrong to demonstrate clearly that he was prejudiced by the imposition of a six-person jury. *See Hill v. State* (2d Dist. 1977) 173 Ind.App. 232, 363 N.E.2d 1010.[3] Nevertheless, prejudice is presumed on appeal when a trial court fails to follow the mandate of the trial rules. *Otte v. Tessman* (1981) Ind., 426 N.E.2d 660, 661.

The judgment is accordingly reversed. The case is remanded to the trial court for further proceedings not inconsistent with this opinion.

BUCHANAN, C.J., and SHIELDS, J., concur.

---

**3.** The United States Supreme Court noted in *Williams v. Florida* (1970) 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 that although by 1970 little empirical research had evaluated jury performance, the available evidence indicated no discernible difference between the results reached by a six-person jury as opposed to a jury of twelve. *Id.* at 101, 90 S.Ct. at 1906, 26 L.Ed.2d 446. The Court rejected the notion that "the reliability of the jury as a fact-finder ... [is] a function of its size." *Id.* By the time of *Ballew v. Georgia* (1978) 435 U.S. 223, 98 S.Ct. 1029, 55 L.Ed.2d 234, (in which the Court held that a jury of less than six in a criminal trial violated the Sixth and Fourteenth Amendments) the Court had the benefit of a quantity of scholarly work on jury size. The Court cited numerous articles and discussed several studies suggesting that progressively smaller juries are less likely to foster effective group deliberation; that the accuracy of the results of the factfinding process was affected by smaller panels; and that the representation of minority groups decreased as the size of the panels decreased; thus affecting the likelihood that the panel would be truly representative of the community. *Id.* at 231–38 nn. 10–27 and accompanying text, 98 S.Ct. at 1034–37.