ARSENAL SAVINGS ASSOCIATION,
Appellant (Defendant Below),

v.

WESTFIELD LIGHTING CO., INC.,
Appellee (Plaintiff Below),

Robert J. Conroy, Pamila K. Conroy,
Hession Plumbing, (Defendants
Below).

No. 4–1083A349.

Court of Appeals of Indiana,
Fourth District.

Nov. 26, 1984.

A. Donald Wiles, II, Wiles & Niederhauser, Everett G. Kuhns, Indianapolis, for appellant.

MILLER, Presiding Judge.

Arsenal Savings Association (Arsenal) is before us complaining of the imposition of an amended judgment, which forecloses a mechanic's lien on property upon which Arsenal holds a mortgage. The original action sought the foreclosure of a mechanic's lien by Westfield Lighting Co., Inc., and Arsenal was made a party defendant. However, the original judgment was for monetary damages only against the property owners. Six months after the original judgment, Westfield sought to amend the judgment to provide for foreclosure. Eight months after that the trial court, without hearing, so amended the judgment. Arsenal argues the second judgment here was of no force and effect because the trial court had lost its jurisdiction to make substantive changes in the judgment ninety days after its issuance. After examining the record in detail, we find the trial court lost its original jurisdiction to amend without hearing nor was a *nunc pro tunc* entry appropriate. We further find the trial court should have treated the motion to amend as an Ind.Rules of Procedure, Trial Rule 60(B) motion and remand for a hearing thereon.

## FACTS

In May, 1981, Westfield filed a complaint to foreclose a mechanic's lien recorded on April 21, 1981, for materials furnished to the residence of Robert and Pamila Conroy. Westfield joined Arsenal and Hession Plumbing as party-defendants to answer to their respective claims on the subject real estate. Trial was had to the court, and after the presentation of the evidence, the court entered findings of fact and conclusions of law as requested by Arsenal and the Conroys:

"1. That the defendants, Conroy, were the owners of certain real estate, to-wit:

Lot 67 in Castillia, Section 2, a subdivision in Marion County, Indiana,

on April 21, 1981.

2. That after December 2, 1980, [Westfield] did furnish certain materials which were placed upon the real estate in question and did furnish the same at the special instance and request of the defendants.

3. That the value of the said improvements placed on the real estate as fixtures was the sum of Two hundred fourteen dollars and ninety-three cents ($214.93).

4. That said defendants have failed and refused to pay the same to [Westfield].

5. That [Westfield] did, within sixty days of the time of the furnishing of said materials, file in the Office of the Marion County Recorder a notice in writing of its intention to hold a mechanic's lien on the real estate in question in the amount of Two hundred fourteen dollars and ninety-three cents ($214.93), and the

same was recorded in Marion County in Miscellaneous Book 81 on page 22885.

6. That [Westfield] employed an attorney, and that the reasonable fees for the prosecution and foreclosure of the lien as Three hundred dollars ($300.00).

7. That [Westfield] is entitled to interest on the judgment from April 21, 1981, to the present with costs of this action.

Therefore, based upon said findings, the Court would now enter the following conclusions of law:

1. That the law is with [Westfield] and it is therefore ordered that [Westfield] is entitled to receive of and from the defendants, Robert J. Conroy and Pamela [sic] Conroy, the sum of Two hundred fourteen dollars and ninety-three cents ($214.93) with interest from April 21, 1981 and costs of this action.

2. That [Westfield] is further entitled to receive of and from said defendants its reasonable attorney fees in the sum of Three hundred dollars ($300.00).

SO ORDERED this 29th day of Jan., 1982.''

Record, p. 160–62. Three things are notable in this judgment: (1) it was rendered *in personam* against the Conroys, (2) it does not provide for foreclosure of Westfield's mechanic's lien, and (3) the court made no findings with regard to the alleged liens of Arsenal and Hession Plumbing. No appeal was taken from this judgment.

On July 20, 1982, after the Conroys failed to appear for proceedings supplemental, Westfield filed a petition to amend the judgment in order to foreclose on its mechanic's lien.

"Comes now the plaintiff and moves the Court to amend the judgment to foreclose mechanic's lien on the property herein described.

1. That there is due and owing the plaintiff from the defendants in the sum of $515.93.

2. That the plaintiff would request that the Court amend or correct the judgment, finding of fact and conclusion at law, to show a foreclosure of the mechanic's lien on the real estate described

in the body of the mechanic's lien, and order that said real estate be sold and the mechanic's lien foreclosed on the same for payment of the judgment lien.

WHEREFORE: Plaintiff prays that the Court modify the heretofore judgment to show that the judgment is a lien on the real estate and the same foreclosed to satisfy the judgment; that the Court order the real estate sold; that the Court add additional attorney fees to the plaintiff's attorney and for all other proper relief.''

Record, p. 167. On March 8, 1983, the court granted the petition without the benefit of hearing:

"Comes now [Westfield] by counsel and files its Petition to Amend Judgment, finding of fact and conclusion of law, which Petition reads in the following words and figures, to-wit: (H.I.)

And the Court, having seen and examined said petition, finds that the same should be granted.

IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED and DECREED by the Court that the heretofore entered judgment is hereby amended and corrected so that the judgment is ordered to be a lien on the real estate, which real estate is more particularly described as follows:

Lot 67 in Castillia, Section 2, A subdivision in Marion County, Indiana.

The Court now orders that the said real estate be sold by the Sheriff of Marion County, Indiana, in manner provided by law, without relief from valuation or appraisement laws; and the proceeds from said sale shall be applied in the following order:

First, to the payment of the costs of this action accrued and to accrue, together with the costs and expenses of the Sheriff's sale of the real estate;

Second, to the payment of [Westfield's] judgment in the sum of $515.93 with additional attorney fees of $250.00 with interest at the rate of 12% per annum since the 1st day of February, 1982;

Third, the balance, if any, to be paid to the Clerk of Marion County, Indiana, for the use and benefit of those rightfully entitled thereto and subject to further order of this Court.

A copy of this decree, duly certified by the Clerk of Hamilton County, Indiana under the seal of this Court shall be sufficient authority to the Sheriff of Marion County, Indiana, to proceed as herein directed."

Record, pp. 170–71. Here we note the court made no new or additional findings but merely changed the judgment portion of the original entry. Only Arsenal has pursued review in this court.

### DECISION

■ Westfield has not filed an appellee's brief so Arsenal only needs to establish prima facie error for us to reverse the trial court's decision. *See, e.g., Bedree v. Sandler & Sandler,* (1981) Ind.App., 426 N.E.2d 707. Arsenal has demonstrated such prima facie reversible error in its assertion Westfield filed its petition to amend the judgment too late for the court to properly alter its decision. We are therefore compelled to vacate the second judgment on this ground.[1]

■ It is clear beyond any doubt that a trial court's jurisdiction over its judgments ceases after 90 days (except under limited circumstances, such as where child custody and child support are involved):

"All courts shall retain power and control over their judgments for a period of ninety (90) days after the rendering thereof in the same manner and under the same conditions as they have heretofore retained such power and control during the term of court in which the judgments were rendered."

IND.CODE 33–1–6–3. The trial court here issued its judgment on January 29, 1982. Westfield filed its petition to amend 172 days later, on July 20, and the court did not grant said petition until March 8, 1983. Both of these actions subsequent to the original judgment were far beyond the 90-day limit prescribed by law. Thus, the trial court was clearly without jurisdiction to act. *See generally Clouser v. Mock,* (1959) 239 Ind. 143, 155 N.E.2d 745 (term time); *Wadkins v. Thornton,* (1972) 151 Ind.App. 380, 279 N.E.2d 849.

■ We are cognizant that, as pointed out by Arsenal, exceptions to this principle can be made by *nunc pro tunc* entry as recognized in Ind.Rules of Procedure, Trial Rule 60(A). T.R. 60(A) permits entries made *nunc pro tunc* to correct clerical mistakes in judgments and errors arising from oversight or omission, *Auto-Teria, Inc. v. Ahern,* (1976) 170 Ind.App. 84, 352 N.E.2d 774, and such entries may be made at any time (except, of course, "[d]uring the pendency of an appeal," T.R. 60(A)), *e.g., First Bank of Madison v. Bank of Versailles,* (1983) Ind.App., 451 N.E.2d 79; *Drost v. Professional Building Service Corp.,* (1978) 176 Ind.App. 172, 375 N.E.2d 241, unless intervening rights are affected. *In re Saric,* (1925) 197 Ind. 1, 149 N.E. 434. However, case law defining the types of "errors arising from oversight or omission," which may be corrected, militates against our declaring the amended judgment a valid *nunc pro tunc* entry.[2]

---

1. Arsenal presented five other instances of error in this appeal. Because we reverse on the basis of one error, we need not address the others. However, one in particular presents reversible error where Arsenal challenges the trial court's second judgment to the extent that it allows Westfield priority to funds garnered at foreclosure. The trial court issued no findings on this matter, either in the original or in the second judgment, particularly regarding the priorities of Arsenal's and Hession Plumbing's liens. Thus, Arsenal is correct in this respect.

2. It is not suggested that the amendment here was a clerical mistake, which also comes under Ind.Rules of Procedure, Trial Rule 60(A) and may be corrected *nunc pro tunc.*

We further note there is a direct conflict between T.R. 60(A) and case law regarding the requirements of notice and an opportunity to be heard. The supreme court, in *Stowers v. State,* (1977) 266 Ind. 403, 363 N.E.2d 978, examined T.R. 60(A) yet stated "such entries may be made only upon notice to the parties and an opportunity of the parties to be heard on the matter. *Apple v. Greenfield Banking Co.,* [ (1971) 255 Ind. 602, 266 N.E.2d 13]." 363 N.E.2d at 983.

■ Our supreme court recently defined a *nunc pro tunc* entry as

> " 'an entry made now of something which was actually previously done, to have effect as of· the former date.' *Perkins v. Hayward*, (1892) 132 Ind. 95, 31 N.E. 670. Such entries may provide a record of an act or event of which no reference at all is made in the court's order book, as was the case in *Neuenschwander·v. State*, (1928) 200 Ind. 64, 161 N.E. 369, and *Warner v. State*, (1924) 194 Ind. 426, 143 N.E. 288, or they may serve to change or supplement an entry already existing in the order book as was the case in *Apple v. Greenfield Banking Co.*, (1971) 255 Ind. 602, 266 N.E.2d 13, and *Perkins v. Hayward, supra*. Such entries must be based upon written memoranda, notes, or other memorials which (1) must be found in the records of the case; (2) must be·required by law to be kept; (3) must show action taken or orders or rulings made by the court; and (4) must exist in the records of the court contemporaneous with or preceding the date of the action described. *Blum's Lumber & Crating, Inc. v. James et al.* [(1972) 259 Ind. 220, 285 N.E.2d 822], and *State ex rel. Baertich v. Perry County Council et al.*, (1972) 259 Ind. 220, 285 N.E.2d 822; *O'Malia v. State*, (1934) 207 Ind. 308, 192 N.E. 435; *Schoonover v. Reed*, (1879) 65 Ind. 313; *Pittsburgh etc. R. Co. v. Lamm*, (1916) 61 Ind.App. 389, 112 N.E. 45."

*Stowers v. State*, (1977) 266 Ind. 403, 410–11, 363 N.E.2d 978, 983. The crux of a *nunc pro tunc* entry, then, is that the trial court corrects the record on the basis of information which is *already in the record*. It is not license to make judicial changes in the actual law or ruling of the case. *See, e.g., Clouser v. Mock, supra*, 239 Ind. 143, 155 N.E.2d 745; *First Bank of Madison v. Bank of Versailles, supra*, 451 N.E.2d 79. The amended judgment here was just such a judical change for which there was no basis in the record.

On the other hand, T.R. 60(A) provides the correction can be made "after such notice, *if any*,

■ ·The original judgment awarded Westfield monetary damages against the Conroys. This was an *in personam* judgment against the Conroys themselves for collection of a debt due. On the other hand, the amended judgment was a foreclosure of Westfield's mechanic's lien, an *in rem* judgment against the Conroys' realty. *See Ward v. Yarnelle*, (1910) 173 Ind. 535, 91 N.E. 7, *overruled on other grounds; Moore-Mansfield Construction Co. v. Indianapolis, New Castle & Toledo Railway Co.*, (1913) 179 Ind. 356, 101 N.E. 296. This second judgment also expanded into areas over which other parties besides the Conroys had·definable interests, one of those parties being Arsenal. The trial court did not even make any finding concerning Arsenal's mortgage interest which would justify granting Westfield superiority of its lien in the amended judgment—either in the original or the amended judgment. We cannot help but decide that the two judgments differed in substance. Furthermore, nowhere in the record have we found any indication that this second judgment, the amended one, was ever ruled upon or in any other fashion recorded in the record of these proceedings. Indeed, it appears to us that Westfield itself did not expect foreclosure (although the original findings indicate it was possible) inasmuch as it treated the original judgment as being against the Conroys, and not against the property, by pursuing proceedings supplemental. The amended judgment was not a valid *nunc pro tunc* correction.

We are aware that Westfield's complaint sought foreclosure in the actual judgment. The pertinent mechanic's lien statute, which we must construe strictly (*see, e.g., Demma v. Forbes Lumber Co.*, (1961) 133 Ind.App. 204, 178 N.E.2d 455), mandates the following, while providing for enforcement of the lien:

> "If said lien be foreclosed as herein provided, the court rendering judgment *shall order the sale to be made ....*"

*as the court orders*." (Emphasis added.)

IND.CODE 32–8–3–6 (emphasis added). The original judgment herein did not comply with this statute, and only Westfield Lighting can be blamed for failing to timely correct it. *Cf. Nordyke, Marmon & Co. v. Dickson,* (1881) 76 Ind. 188 (trial court must order enforcement of lien upon jury verdict sustaining complaint for foreclosure of mechanic's lien).

 Errors in the substance of a judgment may be changed beyond the 90-day limit pursuant to T.R. 60(B). *Wadkins v. Thornton, supra,* 141 Ind.App. 380, 279 N.E.2d 849. However, failure to comply with the provisions of T.R. 60 is fatal to any judgment based on the granting of a motion filed pursuant to the rule. *State ex rel. Aafco Heating & Air Conditioning Co. v. Lake Superior Court, Room Two,* (1975) 263 Ind. 233, 328 N.E.2d 733. Here, the trial court failed to provide notice and hearing in accordance with T.R. 60; this judgment was improperly amended. *See Davidson v. American Laundry Machinery Division,* (1982) Ind.App., 431 N.E.2d 546. Because there was no hearing, we do not have any reason for believing Westfield does not, in fact, have some justification for delaying a T.R. 60(B) motion for relief beyond the 60-day limit set forth for motions to correct error under Ind.Rules of Procedure, Trial Rule 59. We thus must remand for a proper T.R. 60(B) hearing, accompanied by proper notice.

Even if Westfield cannot establish T.R. 60(B) grounds for relief, our decision herein does not intimate Westfield may not foreclose upon the *judicial* lien created by the personal judgment. The rules involved in such execution are quite explicit and separate from the procedures foreclosing upon a mechanic's lien. *See, e.g.,* Ind.Rules of Procedure, Trial Rule 69; IND.CODE 34–1–45–2; *Hines v. Behrens,* (1981) Ind.App.,

421 N.E.2d 1155.[3] All we decide is that the foreclosure procedure implemented here was outside the trial court's jurisdiction.

We vacate this judgment and remand for proceedings consistent with our opinion herein.

CONOVER and YOUNG, JJ., concur.

---

3. In the event Westfield decides to pursue execution on the Conroys' realty, it will first have to establish that a levy upon their personal property was insufficient to satisfy the execution. *See* IND.CODE 34–1–36–12. And Westfield will still have to prove the superiority of its lien to Arsenal's mortgage. *See Huntingburg Production Credit Ass'n v. Griese,* (1983) Ind.App., 456 N.E.2d 448 ("Liens for judgments are subordinate to all prior legal or equitable liens." *Id.* at 452). Neither of these facts were established in either of the judgments herein. In addition, Westfield will not be able to levy on this property in Marion County unless its Hamilton County judgment is somehow properly entered in the judgment docket of Marion County. *See* IND. CODE 34–1–45–2; 33–17–2–3.