Daniel L. GUYINN, Plaintiff–
Appellant,

v.

CITY OF INDIANAPOLIS,
Defendant–Appellee.

No. 03–1626.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 20, 2003.*

Decided Oct. 22, 2003.

Before BAUER, EASTERBROOK, and
DIANE P. WOOD, Circuit Judges.

Order

Indianapolis condemned a parcel of land then owned by Daniel Guyinn. A state court fixed just compensation at $45,000, and Guyinn did not appeal. Six years later, Guyinn filed this federal suit under 42 U.S.C. § 1983 accusing the City of taking his land for a private rather than a public purpose. Relying on the *Rooker–Feldman* doctrine, see *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), the district court dismissed the complaint for want of jurisdiction.

*Rooker* and *Feldman* hold that the only means by which the federal judiciary reviews the decisions of state courts in civil litigation is certiorari under 28 U.S.C. § 1254. Tribunals other than the Supreme Court lack jurisdiction to upset the judgments of state courts. Guyinn contends that he is attacking the City's action–which is to say, the taking–rather than the judgment, but he is necessarily challenging both. The state court could have set aside the taking if it were really for a private rather than a public purpose. Its judgment does two things: (a) it transfers title to the City, and (b) it orders the City to pay Guyinn an amount fixed as just compensation. Guyinn cannot prevail in this case unless the federal court were to upset part (a) of the existing judgment, a step that would exceed the federal court's jurisdiction. See *Garry v. Geils*, 82 F.3d 1362 (7th Cir.1996).

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

234

According to Guyinn, the City withheld from the state court the fact that the land (acquired for purposes of urban renewal) would be redeveloped by a private contractor. From what we can see, this information (or at least information implying that private redevelopment would occur) was revealed to Guyinn during the condemnation proceeding. Whether or not that is correct, however, the proper remedy for fraud on the court (or a litigant) in civil litigation is a request that the rendering court reopen its judgment. See *Rocca v. Rocca*, 760 N.E.2d 677, 680 (Ind.App.2002). Collateral attack in a different judicial system is not an option.

AFFIRMED