Kim A. ROCCA, Appellant–Petitioner,

v.

Donna G. ROCCA, Appellee–Respondent.

No. 82A05–0104–CV–163.

Court of Appeals of Indiana.

Jan. 10, 2002.

---

Bradley J. Salmon, Shawn M. Sullivan, Terrell, Baugh, Salmon & Born, LLP, Evansville, IN, Attorneys for Appellant.

Gary K. Price, Evansville, IN, Attorney for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Kim Rocca ("Husband") appeals the trial court's order granting the petition of Donna Rocca ("Wife") to set aside its previous final order in the dissolution of the parties' marriage and ordering Husband to take certain action with respect to two parcels of real estate.

We affirm.

### ISSUE

Whether the trial court abused its discretion in setting aside the property disposition provisions of the earlier order and ordering that Husband sell two parcels of real estate and provide certain proceeds therefrom to Wife.

## FACTS

On November 24, 1993, Husband filed a petition for dissolution of his marriage to Wife. A contested final hearing was held on June 5, 1995, at the conclusion of which the trial court entered its dissolution order. In 1998, Husband's father passed away. Husband filed an affidavit dated February 26, 1999 with the probate court concerning two parcels of real estate. According to the affidavit: in 1976 Husband had purchased certain real estate on Shelby Avenue; he had placed the property in his father's name but paid all the expenses thereon; in 1994, his father had "approached" Husband "about formally transferring title" of the Shelby real estate to Husband, but "[b]ecause" Husband "was contemplating a divorce, title to the real estate was not transferred" to Husband at that time. (Husband's App. 58). Husband further averred that "because [he] was having marital problems" at the time he had bought certain real estate on Sweetser Avenue, for which he also had paid all of the expenses, Husband had "placed the name of [his father] on the title" to that property as well. (Husband's App. 58, 59). Finally, the affidavit stated that Husband and his father "ha[d] always treated" both parcels of real estate "as the real estate of [Husband]," and Husband's "funds were the only source of purchase price, maintenance and upkeep." *Id.*

On July 31, 2000, Wife filed a petition to set aside the dissolution order, citing Husband's recent affidavit and his 1995 exhibit at the dissolution hearing that did not disclose any interest in the Shelby or Sweetser real estate in his listing of marital property. The trial court conducted an evidentiary hearing, at which Husband conceded his "agreement" with his father "relating to these parcels of property" that whenever Husband "wanted them, [his father] would sign them over." (Tr. 40).

Husband admitted he "came up with an agreement with [his] dad" because of marital problems, "the failing marriage." (Tr. 41, 43). The trial court also received a transcript from the dissolution hearing, wherein Husband denied ownership of the Shelby property—explaining that it was in his father's name. The transcript also contained Husband's testimony that in March of 1994, he loaned his father $3,500 to buy the Sweetser property, which was in his father's name.

The trial court found that Husband had committed "a fraud on the Court," citing *Matter of Paternity of K.M.*, 651 N.E.2d 271 (Ind.Ct.App.1995), and that Wife had pursued the matter "within a reasonable time as that term is used in Trial Rule 60(B)." (Husband's App. 10). The trial court then granted Wife's petition to set aside the final judgment "pursuant to Trial Rule 60(B)," and ordered Husband to sell both parcels of real estate and give Wife certain proceeds therefrom. *Id.*

## DECISION

■ On appeal of a trial court's order based on Indiana Trial Rule 60(B), our review "is limited to whether the trial court abused its discretion." *Matter of Paternity of K.M.*, 651 N.E.2d 271, 274 (Ind.Ct.App.1995). "An abuse of discretion occurs when the trial court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief." *Id.*

Husband first contends that the trial court was without authority to set aside the dissolution order and modify the property distribution therein. He notes that the trial court correctly found that at the time of the dissolution order, Ind.Code § 31-1-11.5-17 required that an action seeking modification of a property disposition based on fraud be brought "within two (2) years of said order," and that those two

years had expired before the March 1998 effective date of the current, longer statutory limit.[1] Husband then asserts that T.R. 60(B) does not allow the trial court to set aside the previously ordered property disposition contrary to the "clear, unambiguous restrictions set forth" by statute, because such "would render as absolutely meaningless the restrictions and limitations" therein. Husband's Brief at 13. According to Husband, "a litigant could always evade the time limits and restrictions set forth" in the statute and execute an "end run" to obtain relief. *Id.* at 14. We cannot agree with his exaggerated generalization. First, the statute expressly states that a property disposition order "may not be revoked, or modified, *except in case of fraud.*" Ind.Code 31–15–7–9.1(a) (emphasis added). Moreover, as a matter of law, certain prerequisites must be met in order to obtain relief under T.R. 60(B) based upon fraud.

T.R. 60(B) allows one to seek relief from judgment within one year based on intrinsic fraud pursuant to T.R. 60(B)(3). *Paternity of K.M.*, 651 N.E.2d at 277; *see also Glover v. Torrence*, 723 N.E.2d 924, 932 (Ind.Ct.App.2000). Intrinsic fraud involves matters which were presented to and considered by the trial court in its judgment, such as perjured testimony. *Glover*, 723 N.E.2d at 932. However, T.R. 60(B) also states that the Rule does not limit the court's power to consider a party's action seeking relief from judgment "for fraud upon the court." This "inherent equitable jurisdiction" of the court allows it "to grant relief from a judgment obtained by extrinsic fraud or fraud on the court." *Glover*, 723 N.E.2d at 932.

The trial court found that Husband had committed a fraud upon the court, defined in *Paternity of K.M.*, 651 N.E.2d at 277, as the execution of "an unconscionable plan or scheme . . . to improperly influence the court's decision" and which prevents the other party from having fully and fairly presented her case. Husband argues that *Paternity of K.M.* "is inapplicable in this case, because it did not involve modification of a divorce decree governing property disposition, but instead involved modification of a paternity decree," and public policy supports finality in the property disposition of a divorce decree. Husband's Brief at 13. We reject Husband's implicit premise that as a matter of public policy, finality in the disposition of marital assets is of greater import than finality in a determination of paternity.

Our discussion of "fraud on the court" in *Paternity of K.M.* relied on *In re Paternity of Tompkins*, 518 N.E.2d 500, 507 (Ind.Ct.App.1988), which described the "doctrine of 'fraud on the court'" as "narrowly applied by the courts" and "limited to only the most egregious circumstances involving the courts." (citing 7 MOORE'S FEDERAL PRACTICE ¶ 60.33). Thus, where "a party establishes that an unconscionable plan or scheme was used to improperly influence the court's decision, and that such acts prevented the losing party from fully and fairly presenting his case or defense, then 'fraud on the court' exists." *Tompkins*, 518 N.E.2d at 507. To find "fraud on the court," the plan or scheme must have been represented "to the court" and have succeeded in influencing the court's decision. *G.H. Skala Const. Co. v. NPW, Inc.*, 704 N.E.2d 1044, 1049 (Ind.Ct. App.1998), *trans. denied.*

According to Husband, his conduct can be characterized as nothing more than

---

**1.** I.C. 31–15–7–9.1 provides that a challenge to a property disposition based on fraud

"must be asserted not later than six years after the order is entered."

having given perjurious testimony, which is intrinsic fraud and required that Wife challenge the judgment within one year. We disagree. It is undisputed that Husband testified at the disposition hearing that he had no interest in either parcel of real estate, representations which he now concedes were false. Subsequently, Husband's affidavit averred that he and his father had actually entered into a plan or scheme whereby Husband's ownership interest in the two parcels of real estate was concealed from the court, which court was charged with dividing the property of Husband and Wife. Moreover, Husband conceded in his testimony at the hearing on Wife's instant action that he had entered into such an agreement with his father *because* of pending marital problems. Hence, it was within the trial court's discretion to infer that Husband had entered into "an unconscionable plan or scheme" to "improperly interfere" with the court's disposition of marital assets. *See Tompkins,* 518 N.E.2d at 507. Further, Husband's agreement with his father, constituting the plan or scheme, prevented Wife from fully presenting her case for a share of the interest in the properties. *Id.* Moreover, the result was that the court's decision in disposing of the marital assets was improperly influenced. *See G.H. Skala,* 704 N.E.2d at 1049. These facts and inferences support the trial court's conclusion that such conduct constituted fraud on the court, so as to allow the court within its inherent equitable power to grant Wife relief from the previously ordered disposition of marital assets. *See Paternity of K.M.,* 651 N.E.2d at 274. Accordingly, we find no abuse of discretion in that regard. *Id.*

■ Husband also contends that the trial court erred as to the modification of the disposition order regarding the Sweetser property because it was not a marital asset. Specifically, Husband argues that because testimony shows that he acquired his interest in the Sweetser property nearly four months after his petition for dissolution was filed, it was not subject to disposition under the statute. He directs us to Ind.Code § 31–1–11.5–11(a)(2),[2] which provided that the court divide the parties' property, including property "acquired by either spouse in his or her own right after the marriage and before final separation...." However, the provision also includes division of property "acquired by [the] joint efforts" of the parties. Ind. Code § 31–1–11.5–11(a)(3).

At the disposition hearing in 1995, Husband testified that in March of 1994, he had netted $15,000 from the sale of a parcel of marital real estate on Ridgeway, and $3,500 of that money was used for the purchase of the Sweetser property. Wife testified that Husband had given her $5,000 as her half of the proceeds for selling the Ridgeway property. Inasmuch as this testimony leads to the inference that proceeds that should have gone to Wife from her half of the Ridgeway property sale constituted more than half of the amount Husband invested in Sweetser, then Sweetser can be considered property "acquired by [the] joint effort" of the parties. I.C. § 31–1–11.5–11(a)(3). Therefore, the Sweetser property could be the subject of the court's disposition upon dissolution.

We affirm.

SHARPNACK, J., and BAILEY, J., concur.

2. The statute which was in effect at the time of the dissolution.