

ATTORNEYS FOR APPELLANT

Ryan M. Spahr
Spahr Law Office, LLC

Eric J. Olson
Olson Law Office, LLC
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Richard Ranucci
Indianapolis, IN

# IN THE
# COURT OF APPEALS OF INDIANA

Parviz Jahangirizadeh,

*Appellant-Respondent,*

v.

Fatemeh Pazouki,

*Appellee-Petitioner.*

March 19, 2015

Court of Appeals Case No.
29A02-1408-DR-530

Appeal from the Hamilton Superior
Court 29D02-0708-DR-900

Honorable Daniel Pfleging; The
Honorable William P. Greenaway,
Magistrate; The Honorable Wayne
A. Sturtevant, Special Judge

**Barnes, Judge.**

## Case Summary

[1] Parviz Jahangirizadeh appeals the trial court's dismissal of his motion to set aside the final decree dissolving his marriage to Fatemeh Pazouki. We affirm.

# Issue

The restated issue before us is whether the trial court properly refused to set aside the parties' dissolution decree based upon an allegation that Pazouki had failed to disclose marital assets prior to the decree's entry.

# Facts

In 2007, Pazouki filed a petition to dissolve her marriage to Jahangirizadeh. Shortly before the final hearing, Pazouki filed a financial declaration listing a number of assets. On May 23, 2008, the trial court entered a final dissolution decree that included orders regarding division of property, which required Jahangirizadeh to make an equalization payment of $57,513 to Pazouki.

On May 7, 2014, Jahangirizadeh filed a "Motion to Set Aside" the dissolution decree under Indiana Trial Rule 60(B)(3) for fraud. App. p. 9. The motion alleged that thirty-five days after the decree was entered, Pazouki opened a business bank account with an initial deposit of $50,000. Jahangirizadeh claimed that, based on this deposit, Pazouki must have had assets that she failed to disclose during the dissolution proceedings but that should have been subject to division as marital property.

Pazouki responded to this motion with a motion to dismiss, asserting that Jahangirizadeh's motion was untimely under Indiana Trial Rule 60(B)(3). The trial court subsequently dismissed Jahangirizadeh's motion with prejudice. Jahangirizadeh then filed a motion to reconsider. In this motion, Jahangirizadeh directed the trial court to an order issued on May 6, 2014, by a

California trial court addressing a claim that Pazouki purportedly had loaned over $400,000 to her brother and her brother's wife.[1]  The California court had rejected the claim, stating that Pazouki "was not a credible witness and lied on the witness stand about the purported loans."  *Id.* at 27.

The trial court denied Jahangirizadeh's motion to reconsider.  Jahangirizadeh then filed a motion to correct error, which the trial court also denied.  Jahangirizadeh now appeals.

## Analysis

Jahangirizadeh contends the trial court erred in dismissing and thus effectively denying his motion for relief from judgment under Indiana Trial Rule 60(B).[2]  Generally, we will review the denial of a Trial Rule 60 motion for an abuse of discretion.  *Wisner v. Laney*, 984 N.E.2d 1201, 1205 (Ind. 2012).  However, if a trial court's ruling is strictly based upon a paper record, we will review the ruling de novo because we are in as good a position as the trial court to

---

[1] The claim had arisen out of divorce proceedings between Pazouki's brother and his wife.

[2] In his brief, Jahangirizadeh also mentions Indiana Code Section 31-15-7-9.1, which provides that property disposition orders in a divorce "may not be revoked or modified, except in case of fraud" and that "[i]f fraud is alleged, the fraud must be asserted not later than six (6) years after the order is entered."  However, Jahangirizadeh did not cite this statute to the trial court in his motion to set aside, his motion to reconsider, or his motion to correct error; he relied solely upon Trial Rule 60(B).  On appeal, this court generally will not review an issue that was not properly raised before and considered by the trial court.  *Plank v. Community Hosps. Of Indiana, Inc.*, 981 N.E.2d 49, 53 (Ind. 2013).  Additionally, Jahangirizadeh does not make a cogent argument that the statute, rather than Trial Rule 60(B), governs the outcome of this case.  *See Wingate v. State*, 900 N.E.2d 468, 475 (Ind. Ct. App. 2009) (citing Ind. Appellate Rule 46(A)(8)).  Given Jahangirizadeh's failure to raise this statute to the trial court or to make a cogent argument that it trumps Trial Rule 60(B), we will limit our discussion solely to the Rule, and we offer no opinion on the interplay between the statute and the rule.

determine the force and effect of the evidence. *In re Adoption of C.B.M.*, 992 N.E.2d 687, 691 (Ind. 2013). The trial court here ruled solely upon a paper record, and so our review is de novo.

[8] Indiana Trial Rule 60(B)(3) provides that a judgment may be set aside for "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party . . . ." Additionally, a motion for relief from judgment under Trial Rule 60(B)(3) must be filed not more than one year after the judgment was entered. However, Trial Rule 60(B) contains a "savings clause" which provides, "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding or for fraud upon the court."

[9] In *Stonger v. Sorrell*, 776 N.E.2d 353 (Ind. 2002), our supreme court addressed the three ways that a motion to set aside a judgment for fraud can be raised, adopting analysis used by federal courts for Federal Rule of Civil Procedure 60(b)(3), which is nearly identical to Trial Rule 60(B)(3). First is a motion filed under subsection (3) of the Rule, which "may be based on any kind of fraud (intrinsic, extrinsic, or fraud on the court) so long as it is chargeable to an adverse party and has an adverse effect on the moving party." *Stonger*, 776 N.E.2d at 356. A motion under this Rule also must be filed in the court that issued the judgment, and it must be made within one year of the judgment. *Id.*

[10] Second, a party may file an independent action for fraud pursuant to traditional equitable principles. *Id.* "Independent actions are usually reserved for

situations that do not meet the requirements for a motion made under" Rule 60(B)(3). *Id.* Such cases include ones where "(i) the fraud is not chargeable to an adverse party; (ii) the movant seeks relief from a court other than the rendering court; or, most often, (iii) the one-year time limit for Rule 60(b)(3) motions has expired." *Id.* An independent action for fraud is subject to the doctrine of laches and is available only in extremely limited circumstances. *Id.*

[11] Third, a party may invoke the inherent power of a court to set aside its judgment if procured by fraud on the court. *Id.* at 356-57. Also, a court may sua sponte set aside a judgment for fraud on the court. *Id.* at 357. There is no time limit for a fraud on the court proceeding. *Id.*

[12] Regardless of which procedural avenue a party selects to assert a claim of fraud, "the party must establish that an unconscionable plan or scheme was used to improperly influence the court's decision and that such acts prevented the losing party from fully and fairly presenting its case or defense." *Id.* If it is unclear which procedural avenue a party intended to use to set aside a judgment and more than one year has passed, a court may construe a motion to set aside as either an independent action for fraud or as a pleading to grant relief for fraud on the court. *Id.*; *see also United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002) ("The substance of the plea should control, not the label."). To establish fraud warranting relief from judgment, a party must show more than a possibility that the trial court was misled; rather, "there must be a showing that the trial court's decision was actually influenced." *Stonger*, 776 N.E.2d at 358.

[13] Here, although Jahangirizadeh labeled his motion as seeking relief from judgment under Trial Rule 60(B)(3), it is clear that relief cannot be granted under that part of the Rule because the motion was filed more than one year after the original judgment was entered. However, we will proceed to consider whether the motion stated a possible independent action for fraud or invoked the trial court's authority to set aside the judgment for fraud on the court. The *Stonger* opinion did not go into great detail regarding precise differences between "ordinary" fraud under Trial Rule 60(B)(3), an independent action for fraud, and fraud on the court. That is because it ultimately concluded that even if misleading evidence had been introduced before the trial court, there was no evidence that it actually influenced the trial court's original judgment. *Id.* at 358-59. Here, by contrast, Jahangirizadeh's motion to set aside adequately alleges that the trial court's property division decision was actually influenced by Pazouki's alleged falsification of her assets.

[14] We do not believe that is enough, however, to establish a possible case for an independent action for fraud or fraud on the court. A number of federal court opinions and authorities have gone into significantly greater detail than *Stonger* regarding the differences between "ordinary" fraud, an independent action for fraud, and fraud on the court. Given the *Stonger* opinion's adoption of federal

authorities, we will look to those authorities as well to further delineate the differences among the three types of fraud.[3]

[15] In the *Buck* opinion, heavily relied upon by *Stonger*, the 10th Circuit addressed a motion to set aside a quiet title judgment in favor of the United States filed four years after judgment was entered; the movant alleged that government attorneys had committed fraud by failing to disclose evidence that could have altered the original judgment. Because the motion was filed past the one-year deadline of Civil Procedure Rule 60(b)(3), the court addressed whether an independent action for fraud or fraud on the court had been proven. The court held that it had not.

[16] In particular, the court explained that the type of egregious fraud required to prove fraud on the court or an independent fraud action "'is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. . . . [A]llegations of nondisclosure in pretrial discovery will not support an action for fraud on the court.'" *Buck*, 281 F.3d at 1342 (quoting *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985), *cert. denied*). Such fraud also may include "'only the most egregious conduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated . . . .'" *Id.*

---

[3] We note that a case upon which Jahangirizadeh heavily relies, *Rocca v. Rocca*, 760 N.E.2d 677 (Ind. Ct. App. 2002), *trans. denied*, was decided before *Stonger* clarified Indiana law regarding motions to set aside a judgment for fraud and adopted federal court analysis in that regard. Thus, we do not find *Rocca* to be persuasive here.

(quoting *Weese v. Schukman*, 98 F.3d 542, 552-53 (10th Cir. 1996)). "'[N]ondisclosure of facts allegedly pertinent to the matter before [the court] . . . will not ordinarily rise to the level of fraud on the court.'" *Id.* Fraud on the court also requires a showing of intentional misconduct or intent to deceive or defraud the court. *Id.* (citing *Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1267 (10th Cir. 1995), *cert. denied*).

[17] Additionally, fraud on the court does not exist "in cases in which the wrong, if wrong there was, was only between the parties in the case and involved no direct assault on the integrity of the judicial process. Nondisclousre by a party or the party's attorney has not been enough." 11 Fed. Prac. & Proc. Civ. § 2870, *Fraud on the Court* (3rd ed. 2014). The mere possibility of a witness testifying falsely is an ordinary risk of the judicial process and is not fraud on the court, unless possibly an attorney or other officer of the court has been involved in perjury or the falsification of evidence. *Id.* (citing *Lockwood v. Bowles*, 46 F.R.D. 625, 632-33 (D. D.C. 1969)).[4]

---

[4] Indiana courts have often stated that an independent action for fraud to set aside a judgment must allege either "extrinsic" fraud or fraud on the court in order to be successful, as opposed to mere "intrinsic" fraud. *See, e.g.*, *Jo. W. v. Je. W.*, 952 N.E.2d 783, 786 (Ind. Ct. App. 2011). "While intrinsic fraud involves perjury or falsification of documents, extrinsic fraud and fraud upon the court require more than just the presentation of evidence that is false." *Id.* Some commentators, observing that Civil Procedure Rule 60(b)(3) removed the distinction between "intrinsic" and "extrinsic" fraud (as has our own Trial Rule 60(B)(3)), have criticized continued reliance on the distinction as "most unfortunate" because it "rests on clouded and confused authorities, its soundness as a matter of policy is very doubtful, and it is extremely difficult to apply." 11 Fed. Prac. & Proc. Civ. § 2868 (citing inter alia *Browning v. Navarro*, 826 F.2d 335, 344 n.11 (5th Cir. 1987)). The Indiana case law definition of the type of fraud required to support an independent action for fraud is consistent with federal authorities, regardless of the label used.

[18] Similarly, the United States Supreme Court has held that a party's failure to furnish relevant information to an opposing party in a lawsuit does not support an independent action for fraud to set aside a judgment. *United States v. Beggerly*, 524 U.S. 38, 46, 118 S. Ct. 1862, 1867 (1998). Rather, the Court held that such conduct is of the type intended to be covered by Civil Procedure Rule 60(b)(3), and that expanding the definition of an independent action for fraud to include such conduct would eviscerate the strict one-year time limit for motions under that Rule. *Id.* It also has been said that an independent action for fraud "is available only to prevent a grave miscarriage of justice." 11 Fed. Prac. & Proc. Civ. § 2868, *Independent Action for Relief* (citing *Beggerly*, 524 U.S. at 46, 118 S. Ct. at 1867).

[19] Here, Jahangirizadeh's allegations against Pazouki amount to a clear example of "ordinary" fraud noted in the federal authorities, involving Pazouki's alleged nondisclosure of assets to Jahangirizadeh in order to not have them subject to division by the trial court in the dissolution decree and her alleged general unreliability as a witness. There are no allegations that Pazouki's attorneys were involved in any intentionally fraudulent conduct. There are no allegations of any egregious conduct infringing upon the integrity of the judiciary. The only person negatively impacted by Pazouki's allegedly fraudulent conduct is Jahangirizadeh; the public at large is not affected by the parties' marital property division. *Cf. Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246, 64 S. Ct. 997, 1001 (1944) (granting relief from judgment in patent litigation based on evidence of fraudulent scheme discovered nine years after

judgment was entered and noting, "This matter does not concern only private parties. There are issues of great moment to the public in a patent suit."). There also are no innocent third parties impacted by the property division, unlike paternity cases for example in which fraud has occurred and a child's father has been misidentified as a result. *See, e.g.*, *In re Paternity of S.C.*, 966 N.E.2d 143 (Ind. Ct. App. 2012), *aff'd on r'hg*, *trans. denied*.

[20] To the extent Pazouki may have been less-than-forthright regarding her assets—assuming Jahangirizadeh's allegations to be true—this is the type of "ordinary" fraud that must be subject to the one-year time limit of Trial Rule 60(B)(3). Otherwise, the Rule's time limit could be rendered a nullity in a much wider range of cases of supposed "fraud" than was intended to be covered by the Rule. Jahangirizadeh's motion to set aside, as well as his motions to reconsider and to correct error, fail to give support to an independent action for fraud or a claim for fraud on the court. As such, the motion to set aside is barred by the one-year time limit of Trial Rule 60(B)(3).

[21] Jahangirizadeh also contends that because the trial court "dismissed" his motion to set aside rather than "denied" it, the court was required to allow him an opportunity to amend the motion under Indiana Trial Rule 12(B). Trial Rule 12(B) states in part,

> When a motion to dismiss is sustained for failure to state a claim under subdivision (B)(6) of this rule the pleading may be amended once as of right pursuant to Rule 15(A) within ten [10] days after service of notice of the court's order sustaining the motion and thereafter with permission of the court pursuant to such rule.

As indicated by its plain language, Trial Rule 12(B) governs dismissal of a "pleading." "Pleadings" are defined as a complaint and answer; a reply to a counterclaim; an answer to a cross-claim; a third-party complaint; and a third-party answer. Ind. Trial Rule 7(A). A "motion," by contrast, is an "application to the court for an order . . . ." T.R. 7(B).

[22] Jahangirizadeh has cited no cases holding that the automatic right to amend a pleading after dismissal for failure to state a claim applies to dismissal of a motion of any kind. He relies upon two cases in which motions to dismiss a motion to set aside judgment were referred to as motions for judgment on the pleadings under Indiana Trial Rule 12(C): *In re Paternity of R.C.*, 587 N.E.2d 153 (Ind. Ct. App. 1992) and *In re Paternity of Tompkins*, 518 N.E.2d 500 (Ind. Ct. App. 1988). To the extent those cases referred to Trial Rule 12(C), those references were dicta having no relevance to the outcome of the cases. They do not support the proposition that Trial Rule 12(B)'s amendment provision applies to anything other than dismissal of a pleading. Given the plain language of Trial Rule 12(B), the definition of a "pleading," and Jahangirizadeh's failure to cite any authority to the contrary, we conclude that the amendment provision of Trial Rule 12(B) did not apply to the trial court's dismissal of the motion to set aside.[5]

---

[5] Jahangirizadeh makes no argument that the trial court was required to hold a hearing on his motion.

# Conclusion

[23] The trial court properly refused to set aside the parties' dissolution decree, and it was not required to give Jahangirizadeh an opportunity to amend his motion to set aside. We affirm.

[24] Affirmed.

May, J., and Pyle, J., concur.