

FILED

Apr 06 2016, 9:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Colby A. Barkes
Duane W. Hartman
Blachly, Tabor, Bozik & Hartman LLC
Valparaiso, Indiana

ATTORNEY FOR APPELLEE

Robert A. Plantz
Robert A. Plantz & Associates, LLC
Merillville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Carrie Baker,<br>*Appellant*,<br><br>v.<br><br>Michael Baker,<br>*Appellee*. | April 6, 2016<br><br>Court of Appeals Case No.<br>64A05-1509-DR-1381<br><br>Appeal from the Porter Superior Court<br><br>The Honorable Roger V. Bradford, Judge<br><br>The Honorable Mary A. DeBoer, Magistrate<br><br>Trial Court Cause No.<br>64D01-0904-DR-3345 |

**Brown, Judge.**

[1] Carrie Baker ("Wife") appeals an order granting a motion to strike and dismiss, as well as denying motions to reconsider and to correct errors, in favor of Michael Baker ("Husband"). Wife raises one issue which we revise and restate as whether the court erred in granting Husband's motion and denying her motion to reconsider and to correct errors without a hearing. We reverse and remand.

## *Facts and Procedural History*[1]

[2] On April 21, 2009, Husband and Wife executed a Mutual Waiver of Final Hearing and Marital Settlement Agreement ("Property Settlement Agreement"), which was finalized on June 25, 2009, when they were granted a Decree of Dissolution of Marriage. During the divorce proceedings, Wife was not represented by counsel, and she relied on Husband, Husband's counsel, and the Dissolution Decree regarding the truthfulness of the parties' marital assets. Wife was aware of Husband's deferred income that is listed in the Property Settlement Agreement, but she was not aware of any additional deferred income, i.e., assets of the marriage that Husband was to receive at a later time after the dissolution, that had not been listed in that agreement. Also, the Property Settlement Agreement contained the following provisions, among others:

---

[1] The facts are based upon those stated in Wife's Verified Motion to Open the Property Settlement Proceedings Because of Non-Disclosed Assets.

1. **Equal Division of Property**

   The Husband and the Wife intend to settle forever and completely their interests and obligations in all property, both real and personal, between themselves and on behalf of their heirs and assigns, and regardless of whether the property was acquired by either or both of them, before or during their marriage, or whether it was acquired by way of gift or inheritance. The parties intend to effect a division in a fair, just and equal manner.

2. **Itemization of Property Division**

   * * * * *

   The parties shall each maintain or receive title to and interest as indicated in the following financial accounts or financial interests. Title to and interest in these accounts/interests shall be exclusive as to the party indicated, and the party with or receiving ownership will hold the other party harmless as to liabilities of the owned account/interest. The parties acknowledge that they have not appraised each other's assets or financial accounts and waive any right to do so and acknowledge that one party may receive a larger share than the other. The parties have also agreed to waive the requirement of exchanging financial declaration forms.

   * * * * *

5. **Mutual Releases**

   Both parties expressly and mutually release and forever discharge the other from any and all claims, demands,

obligations, debts, and cause of action, at law or in equity
or otherwise, which either of them ever had or now has or
hereafter may have against the other up to the date of the
execution of this Agreement.

6. **Representation by Counsel**

Husband acknowledges that this agreement has been fully
explained to him by his attorney. Wife acknowledges that
she has the right to and has had the opportunity to obtain
legal counsel pertaining to this action and to explain the
consequences of this agreement. Wife has been informed
that Husband's attorney in no way represents Wife's
interests in this matter and has been advised of her right to
seek independent counsel to represent her or review this
agreement and is completely aware, not only of its
contents, but also its legal effects. The parties
acknowledge that each is satisfied with the preparation and
contents of this agreement.

7. **Entire Agreement**

Each party acknowledges that no representations of any
kind have been made to him or her as an inducement to
enter into this Agreement, other than the representations
set forth herein, and that this Agreement constitutes all of
the terms of the contract between them.

Appellant's Appendix at 28, 35-36, 42-43.

[3] In November 2014, Wife discovered that there were additional assets of the

marital estate in excess of $1,000,000, and on April 22, 2015, she filed a

Verified Motion to Open the Property Settlement Proceedings because of Non-

Disclosed Assets (the "Verified Motion"), in which she alleged fraud by Husband by not disclosing the deferred income despite the fact that he had an affirmative duty to disclose and that the Property Settlement Agreement stated that she "shall receive an 'equal division of property'." *Id.* at 46. The Verified Motion did not cite to a specific rule to open the proceedings. On July 7, 2015, Husband filed a Motion to Strike and Dismiss Respondent's Motion to Open the Property Settlement Proceedings Because of Non-Disclosed Assets ("Motion to Strike"). That same day, without giving Wife an opportunity to respond and without a hearing, the court granted Husband's motion (the "July 7th Order"). The court's July 7th Order stated:

1. The Divorce Decree was entered 6/25/2009. An agreed Modification Order was entered on 8/24/2010, while [Wife] was represented by counsel.

2. The Court is prohibited from revoking or modifying a written settlement agreement or agreed or [sic], except in the case of fraud. I.C. §31-15-2-17(c).

3. [Wife's] Motion to Open Property Settlement Agreement alleges "fraud," but Trial Rule 60(B)(3) allows for relief from the judgment or order on the grounds of fraud, but the motion shall be filed . . . not more than one (1) year after the judgment or order.

4. The Motion filed by [Wife] was well after the one (1) year deadlines and, moreover, the Court is prohibited by I.C. §31-15-2-17(c) from modifying the order. For these reasons,

[Husband's] Motion to Strike is GRANTED and [Wife's[2]] Verified Motion to Open the Property Settlement Proceedings Because of Non-Disclosed Assets is hereby ordered Stricken from the Record and Dismissed.

*Id.* at 47.

On August 5, 2015, Wife filed a motion to correct errors and to reconsider, and the court denied her motion the same day without a hearing.

## *Discussion*

The issue is whether the court erred in granting Husband's Motion to Strike and Dismiss. Generally, a grant or denial of equitable relief under Ind. Trial Rule 60 is within the discretion of the trial court and is reviewed for an abuse of that discretion. *Wagler v. West Boggs Sewer Dist., Inc.*, 980 N.E.2d 363, 371 (Ind. Ct. App. 2012), *reh'g denied*, *trans. denied*, *cert. denied*, 134 S. Ct. 952 (2014). "However, if a trial court's ruling is strictly based upon a paper record, we will review the ruling de novo because we are in as good a position as the trial court to determine the force and effect of the evidence." *Jahangirizadeh v. Pazouki*, 27 N.E.3d 1178, 1181 (Ind. Ct. App. 2015) (citing *In re Adoption of C.B.M.*, 992 N.E.2d 687, 691 (Ind. 2013)). The trial court here ruled solely upon a paper record, and so our review is *de novo*.

---

[2] The Court's July 7th Order refers to "Petitioner's Verified Motion," in which the petitioner in this case is Husband. Appellant's Appendix at 47. However, it is undisputed that Wife filed the Verified Motion.

[6]     Ind. Trial Rule 60(B)(3) "provides that a judgment may be set aside for 'fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party . . . .'" *Id.* (quoting Ind. Trial Rule 60(B)(3)). Additionally, a motion for relief from judgment under Trial Rule 60(B)(3) must be filed not more than one year after the judgment was entered. *Id.* However, Trial Rule 60(B) contains a "savings clause" which provides: "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding or for fraud upon the court." *Id.* (quoting Ind. Trial Rule 60(B))

[7]     Wife argues that Ind. Code § 31-15-7-9.1, which governs the revocation or modification of property disposition orders in the case of fraud, provides that orders concerning property disposition may not be revoked or modified except in the case of fraud and that if fraud is alleged it must be asserted within six years of the order. She argues that Husband's assertion in his Motion to Strike is incorrect that Ind. Trial Rule 60 precludes her motion because that rule "explicitly states 'this rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding or for fraud upon the court.'" Appellant's Brief at 7. She asserts that the type of fraud alleged is the central issue and that she has alleged either an independent action for fraud or fraud upon the court, either of which is reviewable at this stage. She notes that Porter County Family Law Rule 2100.1 requires financial disclosure unless waived in writing and where "'all financial issues' are settled," and argues that here, under Porter County Family Law Rule 2100.2, all

financial issues were not settled and Husband violated a mandatory obligation indicative of a scheme or fraud sufficient to bring an action for fraud upon the court and/or an independent action for fraud. *Id.* at 10.

[8] She also argues in her reply brief that the Motion to Strike and Dismiss was granted the same day it was filed, that accordingly there was no opportunity for her to request oral argument, and that there is no requirement for a responding party to request a hearing under these circumstances pursuant to Porter County Civil Rule 3300.60. She asserts that instead Porter County Civil Rule 3300.20 "requires . . . '<u>all motions</u> are to be set for hearing at the time of their filing'" and that "[i]t shall be the responsibility of movant or the movant's attorney to secure the date of such hearing from the Court personnel . . . . It shall also be the responsibility of the movant to coordinate the hearing date with all opposing counsel." Appellant's Reply Brief at 3. She maintains that, contrary to Husband's claims, the local rules require a hearing on the Motion to Strike.

[9] Husband argues that Wife is incorrect in asserting that she is entitled to an opportunity to respond, to a hearing, and to complete discovery, noting that she did not file a request for oral argument in accordance with Porter County Civil Rule 3300.30, which allows that "any party 'may' request a hearing on a Motion to Correct Error by filing a request with the court." Appellee's Brief at 12. Husband also asserts that Porter County Civil Rule 3300.60 allows a party to request oral argument, that "such request may be heard 'only at the discretion of the court,'" that Wife did not make such a request, and that, pursuant Ind. Trial Rule 6(C), the court did not err in granting his Motion to

Strike. *Id.* He states that Wife filed her motion, which should be characterized as a motion under Ind. Trial Rule 60(B)(3), well outside of the applicable one-year time period.

[10] Recently, in *Jahangirizadeh*, this Court discussed "the three ways that a motion to set aside a judgment for fraud can be raised," noting that the Indiana Supreme Court in *Stonger v. Sorrell*, 776 N.E.2d 353 (Ind. 2002) adopted "analysis used by federal courts for Federal Rule of Civil Procedure 60(b)(3), which is nearly identical to Trial Rule 60(B)(3)." 27 N.E.3d at 1181. We observed:

> First is a motion filed under subsection (3) of the Rule, which "may be based on any kind of fraud (intrinsic, extrinsic, or fraud on the court) so long as it is chargeable to an adverse party and has an adverse effect on the moving party." *Stonger*, 776 N.E.2d at 356. A motion under this Rule also must be filed in the court that issued the judgment, and it must be made within one year of the judgment. *Id.*

> Second, a party may file an independent action for fraud pursuant to traditional equitable principles. *Id.* "Independent actions are usually reserved for situations that do not meet the requirements for a motion made under" Rule 60(B)(3). *Id.* Such cases include ones where "(i) the fraud is not chargeable to an adverse party; (ii) the movant seeks relief from a court other than the rendering court; or, most often, (iii) the one-year time limit for Rule 60(b)(3) motions has expired." *Id.* An independent action for fraud is subject to the doctrine of laches and is available only in extremely limited circumstances. *Id.*

Third, a party may invoke the inherent power of a court to set aside its judgment if procured by fraud on the court. *Id.* at 356-57. Also, a court may sua sponte set aside a judgment for fraud on the court. *Id.* at 357. There is no time limit for a fraud on the court proceeding. *Id.*

Regardless of which procedural avenue a party selects to assert a claim of fraud, "the party must establish that an unconscionable plan or scheme was used to improperly influence the court's decision and that such acts prevented the losing party from fully and fairly presenting its case or defense." *Id.* If it is unclear which procedural avenue a party intended to use to set aside a judgment and more than one year has passed, a court may construe a motion to set aside as either an independent action for fraud or as a pleading to grant relief for fraud on the court. *Id.*; *see also United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002) ("The substance of the plea should control, not the label."). To establish fraud warranting relief from judgment, a party must show more than a possibility that the trial court was misled; rather, "there must be a showing that the trial court's decision was actually influenced." *Stonger*, 776 N.E.2d at 358.

*Id.* at 1181-1182.

[11] As noted, Wife asserts that the court erred in granting Husband's Motion to Strike and Dismiss without a hearing. Porter County Civil Rule 3300.20, titled Setting Motions for Hearing, provides:

> Except for motions to correct error or those described in section D[3] of this Rule, all motions shall be set for hearing at the time of their filing. It shall be the responsibility of the movant or the

---

[3] It is undisputed that none of the exceptions apply to Husband's Motion to Strike.

movant's attorney to secure the date of such hearing from the Court personnel who maintain the calendar for each of the Judges or Magistrates. It shall also be the responsibility of the movant to coordinate the hearing date with all opposing counsel.

[12] We agree with Wife that the court improperly granted Husband's Motion to Strike and Dismiss when it did so without scheduling and holding a hearing.[4]

[13] To the extent that Husband suggests that Wife's allegations clearly fall within Ind. Trial Rule 60(B)(3) and are subject to the one-year time limit, and accordingly that the court did not err, as we observed in *Jahangirizadeh*, Trial Rule 60(B) contains a "savings clause" providing that it "does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding or for fraud upon the court." 27 N.E.3d at 1181. Although use of the savings clause is limited, it is within the court's discretion to construe a motion to set aside as either an independent action for fraud or as a pleading to grant relief for fraud on the court. *Id.* at 1182. We therefore conclude that it would be premature to examine substantive precedent and make such a judgment prior to a hearing required by Porter County Civil Rule 3300.20.

---

[4] To the extent Husband cites to Porter County Civil Rule 3300.30 and 3300.60, we first note that Rule 3300.30 concerns motions to correct error. Also, as noted above by Wife, Rule 3300.60 provides that requests for oral argument shall be made by separate instrument and filed with the pleading to be argued; it does not place a burden on a responding party to request oral argument.

[14] We observe that "Indiana trial courts may establish local rules for their own governance as long as the local rules do not conflict with the rules established by the Indiana Supreme Court or by statute." *Gill v. Evansville Sheet Metal Works, Inc.*, 970 N.E.2d 633, 645-646 (Ind. 2012); *see also* Ind. Code § 34-8-1-4 ("Other Indiana Courts may establish rules for their own government, supplementary to and not conflicting with the rules prescribed by the supreme court or any statute."). The Court specifically authorizes the making and amending of local rules in Ind. Trial Rule 81(A), which states: "Courts may regulate local court and administrative district practice by adopting and amending in accordance with this Rule local and administrative district rules not inconsistent with—and not duplicative of—these Rules of Trial Procedure or other Rules of the Indiana Supreme Court." "As a general matter, local rules are procedural and 'are intended to standardize the practice within that court, to facilitate the effective flow of information, and to enable the court to rule on the merits of the case.'" *Gill*, 970 N.E.2d at 646 (quoting *Meredith v. State*, 679 N.E.2d 1309, 1310 (Ind. 1997)). However, the rules of procedure promulgated by the Indiana Supreme Court "are binding on all Indiana courts, and no court 'can circumvent the rules and thereby avoid their application' by promulgating an inconsistent local rule." *Spudich v. N. Ind. Pub. Serv. Co.*, 745 N.E.2d 281, 286 (Ind. Ct. App. 2001) (quoting *Armstrong v. Lake*, 447 N.E.2d 1153, 1154 (Ind. Ct. App. 1983) (quoting *In re Estate of Moore*, 155 Ind. App. 92, 96, 291 N.E.2d 566, 568 (1973))), *reh'g denied, trans. denied*. "A local rule which is inconsistent with the Trial Rules is deemed to be without force and effect." *Id.*

In *Spudich*, we noted that the Court first articulated a test for determining when a procedural rule enacted by statute is inconsistent with the trial rules in *State v. Bridenhager*, 257 Ind. 699, 279 N.E.2d 794 (1972), *reh'g denied*, as follows:

> To be "in conflict" with our rules . . . , it is not necessary that the statutory rules be in direct opposition to our rule, so that but one could stand per se. It is only required that they be incompatible to the extent that both could not apply in a given situation.

*Id.* at 286 (quoting *Bridenhager*, 257 Ind. at 704, 279 N.E.2d at 796). Then, in *Armstrong*, "this court held that the same test would apply to a local rule alleged to be inconsistent with the trial rules." *Id.* (citing *Armstrong*, 447 N.E.2d at 1154).

Here, Porter County Civil Rule 3300.20 is not incompatible with Ind. Trial Rule 60(B) because Rule 60(B) contains the savings clause mentioned above which allows for motions to be filed outside of the time periods specified in certain subsections of that rule. Thus, the local rule should be followed.

## Conclusion

For the foregoing reasons, we reverse the court's grant of Husband's Motion to Strike and remand for a hearing consistent with this opinion.

Reversed and remanded.

Kirsch, J., and Mathias, J., concur.