## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 27 2017, 8:50 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Colby A. Barkes
Duane W. Hartman
Blachly, Tabor, Bozik & Hartman LLC
Valparaiso, Indiana

ATTORNEY FOR APPELLEE

Robert A. Plantz
Robert A. Plantz & Associates, LLC
Merrillville, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Carrie Baker, *Appellant-Respondent,* <br><br> v. <br><br> Michael Baker, *Appellee-Petitioner.* | June 27, 2017 <br><br> Court of Appeals Case No. 64A03-1702-DR-219 <br><br> Appeal from the Porter Superior Court <br><br> The Honorable Roger E. Bradford, Judge <br> The Honorable Katherine R. Forbes, Magistrate/Special Judge <br><br> Trial Court Cause No. 64D01-0904-DR-3345 |

**Bradford, Judge.**

# Case Summary

[1] On or about April 7, 2009, Appellee-Petitioner Michael Baker ("Husband") initiated proceedings to dissolve his marriage to Appellant-Respondent Carrie Baker ("Wife"). On April 21, 2009, the parties filed a Mutual Waiver of Final Hearing and Marital Settlement Agreement ("Settlement Agreement"). The trial court accepted the parties' Settlement Agreement and thereafter entered an order dissolving the parties' marriage on June 25, 2009.

[2] Approximately six years later, on April 22, 2015, Wife filed a verified motion seeking to re-open the parties' property settlement proceedings ("Wife's Motion"), claiming that she had discovered that Husband had committed fraud by previously failing to disclose certain assets. On July 7, 2015, Husband filed a Motion to Strike and Dismiss ("Husband's Motion") Wife's Motion. That same day, without giving Wife an opportunity to respond and without a hearing, the court granted Husband's Motion. Wife appealed.

[3] On appeal, we concluded that the Porter County Local Rules required that the trial court conduct a hearing on Husband's Motion before ruling on the motion. Accordingly, we reversed the trial court's order granting Husband's Motion and remanded for further proceedings. On remand, the trial court conducted a hearing on Husband's Motion at which Husband appeared in person and was represented by counsel and Wife was represented by counsel. Following the hearing, the trial court granted Husband's Motion. This second appeal follows.

[4] Wife contends on appeal that the trial court abused its discretion in granting Husband's motion. Because we conclude otherwise, we affirm.

# Facts and Procedural History

[5] This is the second appeal stemming from the underlying cause. The facts, as set forth in our prior opinion in this matter, provide as follows:

> On April 21, 2009, Husband and Wife executed a [Settlement Agreement], which was finalized on June 25, 2009, when they were granted a Decree of Dissolution of Marriage. During the divorce proceedings, Wife was not represented by counsel, and she relied on Husband, Husband's counsel, and the Dissolution Decree regarding the truthfulness of the parties' marital assets. Wife was aware of Husband's deferred income that is listed in the [ ] Settlement Agreement, but she was not aware of any additional deferred income, i.e., assets of the marriage that Husband was to receive at a later time after the dissolution, that had not been listed in that agreement. Also, the [ ] Settlement Agreement contained the following provisions, among others:
>
> ## 1. Equal Division of Property
>
> The Husband and the Wife intend to settle forever and completely their interests and obligations in all property, both real and personal, between themselves and on behalf of their heirs and assigns, and regardless of whether the property was acquired by either or both of them, before or during their marriage, or whether it was acquired by way of gift or inheritance. The parties intend to effect a division in a fair, just and equal manner.
>
> ## 2. Itemization of Property Division

\* \* \* \* \*

The parties shall each maintain or receive title to and interest as indicated in the following financial accounts or financial interests. Title to and interest in these accounts/interests shall be exclusive as to the party indicated, and the party with or receiving ownership will hold the other party harmless as to liabilities of the owned account/interest. The parties acknowledge that they have not appraised each other's assets or financial accounts and waive any right to do so and acknowledge that one party may receive a larger share than the other. The parties have also agreed to waive the requirement of exchanging financial declaration forms.

\* \* \* \* \*

5. **Mutual Releases**

Both parties expressly and mutually release and forever discharge the other from any and all claims, demands, obligations, debts, and cause of action, at law or in equity or otherwise, which either of them ever had or now has or hereafter may have against the other up to the date of the execution of this Agreement.

6. **Representation by Counsel**

Husband acknowledges that this agreement has been fully explained to him by his attorney. Wife acknowledges that she has the right to and has had the opportunity to obtain legal counsel pertaining to this action and to explain the consequences of this agreement. Wife has been informed that Husband's attorney in no way represents Wife's interests in this matter and has been advised of her right to seek

independent counsel to represent her or review this agreement and is completely aware, not only of its contents, but also its legal effects. The parties acknowledge that each is satisfied with the preparation and contents of this agreement.

7. **Entire Agreement**

Each party acknowledges that no representations of any kind have been made to him or her as an inducement to enter into this Agreement, other than the representations set forth herein, and that this Agreement constitutes all of the terms of the contract between them.

Appellant's Appendix at 28, 35-36, 42-43 (bold in original).[1]

In November 2014, Wife discovered that there were additional assets of the marital estate in excess of $1,000,000, and on April 22, 2015, she filed [Wife's Motion], in which she alleged fraud by Husband by not disclosing the deferred income despite the fact that he had an affirmative duty to disclose and that the [ ] Settlement Agreement stated that she "shall receive an 'equal division of property'."[2] *Id.* at 46. [Wife's Motion] did not cite to a specific rule to open the proceedings. On July 7, 2015, Husband filed [Husband's Motion]. That same day, without giving Wife an opportunity to respond and without a hearing, the court granted Husband's [M]otion (the "July 7th Order"). The court's July 7th Order stated:

---

[1] The record reveals that as part of the parties' original division of property, Wife received $140,000.00 from the parties' joint checking account and was guaranteed child support payments, which would be paid from the deferred income which Husband was entitled to receive until 2013, in the amount of $1,167,609.00.

[2] Husband disputes Wife's unsupported assertion that the allegedly non-disclosed assets exist.

1. The Divorce Decree was entered 6/25/2009. An agreed Modification Order was entered on 8/24/2010, while [Wife] was represented by counsel.

2. The Court is prohibited from revoking or modifying a written settlement agreement or agreed or [sic], except in the case of fraud. I.C. § 31-15-2-17(c).

3. [Wife's Motion] alleges "fraud," but Trial Rule 60(B)(3) allows for relief from the judgment or order on the grounds of fraud, but the motion shall be filed ... not more than one (1) year after the judgment or order.

4. [Wife's Motion] was [filed] well after the one (1) year deadlines and, moreover, the Court is prohibited by I.C. § 31-15-2-17(c) from modifying the order. For these reasons, [Husband's Motion] is GRANTED and [Wife's Motion] is hereby ordered Stricken from the Record and Dismissed.

*Id.* at 47.

On August 5, 2015, Wife filed a motion to correct errors and to reconsider, and the court denied her motion the same day without a hearing.

*Baker v. Baker*, 50 N.E.3d 401, 402-03 (Ind. Ct. App. 2016) (footnote omitted).

[6]    Upon review, we noted that Porter County Civil Rule 3300.20 requires that "all motions shall be set for a hearing"[3] and stated that

> [a]lthough use of the savings clause is limited, it is within the court's discretion to construe a motion to set aside as either an independent action for fraud or as a pleading to grant relief for fraud on the court. [*Jahangirizadeh v. Pazouki*, 27 N.E.3d 1178, 1182 (Ind. Ct. App. 2015)]. We therefore conclude that it would be premature to examine substantive precedent and make such a judgment prior to a hearing required by Porter County Civil Rule 3300.20.

*Id*. at 406. We further concluded that the trial court improperly granted Husband's Motion "when it did so without [first] scheduling and holding a hearing." *Id*.

[7]    On remand, Wife requested a change of judge, which was granted. Wife also filed a response to Husband's Motion. In this response, Wife asserted that Husband's Motion should be dismissed because she had sufficiently alleged fraud and lack of disclosure. Wife does not point to any specific fraudulent acts which she claims Husband committed, claiming only that "[t]he hiding of in excess of $1,000,000.00 of deferred income, and possibly another $1,000,000.00 from the Citadel Partners Equity Participant fund, is certainly evidence of 'an unconscionable plan or scheme used to improperly influence the Court's decision.'" Appellant's App. Vol. II, p. 60.

---

[3] Porter County Civil Rule 3300.20 provides for limited exceptions to this rule, none of which apply here.

[8]     On November 30, 2016, the trial court conducted a hearing on Husband's Motion. Wife did not appear for this hearing but was represented by counsel. During this hearing, both sides presented argument relating to (1) the language contained in the Settlement Agreement. With respect to the parties' financial accounts, the Settlement Agreement, which again was filed within thirty days of the dissolution petition and was included by reference in Wife's Motion, explicitly provided as follows:

> [t]he parties acknowledge that they have not appraised each other's assets or financial accounts and waive any right to do so and acknowledge that one party may receive a larger share than the other. The parties have also agreed to waive the requirement of exchanging financial declaration forms.

Appellant's App. p. 25. Thus, Husband asserts that pursuant to the terms of the Settlement Agreement, there was no duty to disclose and that "if there's no duty to disclose, there can't be any fraud based upon a non-disclosure." Tr. p. 6. Wife's counsel argued that the Settlement Agreement demonstrated that the parties intended to have an equal division of the marital estate. Wife's counsel did not present any specific argument or evidence during the hearing relating to Wife's claims of fraud merely relying on the fact that Wife generally alleged fraud by Husband. After taking the matter under advisement, on January 9, 2017, the trial court issued an order granting Husband's Motion.

# Discussion and Decision

[9]     Wife contends on appeal that the trial court abused its discretion in granting

Husband's Motion.

> Generally, we will review the denial of a Trial Rule 60 motion
> for an abuse of discretion. *Wisner v. Laney*, 984 N.E.2d 1201,
> 1205 (Ind. 2012). However, if a trial court's ruling is strictly
> based upon a paper record, we will review the ruling de novo
> because we are in as good a position as the trial court to
> determine the force and effect of the evidence. *In re Adoption of
> C.B.M.*, 992 N.E.2d 687, 691 (Ind. 2013). The trial court here
> ruled solely upon a paper record, and so our review is de novo.
>
> Indiana Trial Rule 60(B)(3) provides that a judgment may be set
> aside for "fraud (whether heretofore denominated intrinsic or
> extrinsic), misrepresentation, or other misconduct of an adverse
> party...." Additionally, a motion for relief from judgment under
> Trial Rule 60(B)(3) must be filed not more than one year after the
> judgment was entered. However, Trial Rule 60(B) contains a
> "savings clause" which provides, "This rule does not limit the
> power of a court to entertain an independent action to relieve a
> party from a judgment, order or proceeding or for fraud upon the
> court."
>
> In *Stonger v. Sorrell*, 776 N.E.2d 353 (Ind. 2002), our supreme
> court addressed the three ways that a motion to set aside a
> judgment for fraud can be raised, adopting analysis used by
> federal courts for Federal Rule of Civil Procedure 60(b)(3), which
> is nearly identical to Trial Rule 60(B)(3). First is a motion filed
> under subsection (3) of the Rule, which "may be based on any
> kind of fraud (intrinsic, extrinsic, or fraud on the court) so long as
> it is chargeable to an adverse party and has an adverse effect on
> the moving party." *Stonger*, 776 N.E.2d at 356. A motion under
> this Rule also must be filed in the court that issued the judgment,
> and it must be made within one year of the judgment. *Id*.
>
> Second, a party may file an independent action for fraud

pursuant to traditional equitable principles. *Id.* "Independent actions are usually reserved for situations that do not meet the requirements for a motion made under" Rule 60(B)(3). *Id.* Such cases include ones where "(i) the fraud is not chargeable to an adverse party; (ii) the movant seeks relief from a court other than the rendering court; or, most often, (iii) the one-year time limit for Rule 60(b)(3) motions has expired." *Id.* An independent action for fraud is subject to the doctrine of laches and is available only in extremely limited circumstances. *Id.*

Third, a party may invoke the inherent power of a court to set aside its judgment if procured by fraud on the court. *Id.* at 356-57. Also, a court may sua sponte set aside a judgment for fraud on the court. *Id.* at 357. There is no time limit for a fraud on the court proceeding. *Id.*

Regardless of which procedural avenue a party selects to assert a claim of fraud, "the party must establish that an unconscionable plan or scheme was used to improperly influence the court's decision and that such acts prevented the losing party from fully and fairly presenting its case or defense." *Id.* If it is unclear which procedural avenue a party intended to use to set aside a judgment and more than one year has passed, a court may construe a motion to set aside as either an independent action for fraud or as a pleading to grant relief for fraud on the court. *Id.*; *see also United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002) ("The substance of the plea should control, not the label."). To establish fraud warranting relief from judgment, a party must show more than a possibility that the trial court was misled; rather, "there must be a showing that the trial court's decision was actually influenced." *Stonger*, 776 N.E.2d at 358.

*Jahangirizadeh*, 27 N.E.3d at 1181-82.

[10] Wife's Motion did not specify whether her claims were being raised as a claim for relief from judgment under Trial Rule 60(b)(3) or as a claim under Indiana Code section 31-15-7-9.1, which provides as follows:

> (a) The orders concerning property disposition entered under this chapter (or IC 31-1-11.5-9 before its repeal) may not be revoked or modified, except in case of fraud.
>
> (b) If fraud is alleged, the fraud must be asserted not later than six (6) years after the order is entered.

As such, like in *Jahangirizadeh*, "we will proceed to consider whether the motion stated a possible independent action for fraud or invoked the trial court's authority to set aside the judgment for fraud on the court." 27 N.E.3d at 1182.

[11] In *Jahangirizadeh*, we considered the difference between the various types of "fraud." In doing so, we noted that Jahangirizadeh's motion to set aside adequately alleged that the trial court's property division decision was actually influenced by Pazouki's alleged falsification of her assets. *Id*. However, we further noted the following:

> We do not believe that is enough, however, to establish a possible case for an independent action for fraud or fraud on the court. A number of federal court opinions and authorities have gone into significantly greater detail than *Stonger* regarding the differences between "ordinary" fraud, an independent action for fraud, and fraud on the court. Given the *Stonger* opinion's adoption of federal authorities, we will look to those authorities as well to further delineate the differences among the three types of fraud.
>
> In the *Buck* opinion, heavily relied upon by *Stonger*, the 10th

Circuit addressed a motion to set aside a quiet title judgment in favor of the United States filed four years after judgment was entered; the movant alleged that government attorneys had committed fraud by failing to disclose evidence that could have altered the original judgment. Because the motion was filed past the one-year deadline of Civil Procedure Rule 60(b)(3), the court addressed whether an independent action for fraud or fraud on the court had been proven. The court held that it had not.

In particular, the court explained that the type of egregious fraud required to prove fraud on the court or an independent fraud action "'is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury.... [A]llegations of nondisclosure in pretrial discovery will not support an action for fraud on the court.'" *Buck*, 281 F.3d at 1342 (quoting *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985), *cert. denied*). Such fraud also may include "'only the most egregious conduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated....'" *Id.* (quoting *Weese v. Schukman*, 98 F.3d 542, 552-53 (10th Cir. 1996)). "'[N]ondisclosure of facts allegedly pertinent to the matter before [the court] ... will not ordinarily rise to the level of fraud on the court.'" *Id.* Fraud on the court also requires a showing of intentional misconduct or intent to deceive or defraud the court. *Id.* (citing *Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1267 (10th Cir. 1995), *cert. denied*).

Additionally, fraud on the court does not exist "in cases in which the wrong, if wrong there was, was only between the parties in the case and involved no direct assault on the integrity of the judicial process. Nondisclosure by a party or the party's attorney has not been enough." 11 Fed. Prac. & Proc. Civ. § 2870, *Fraud on the Court* (3rd ed. 2014). The mere possibility of a witness testifying falsely is an ordinary risk of the judicial process and is not fraud on the court, unless possibly an attorney or other officer of the court has been involved in perjury or the falsification of

evidence. *Id.* (citing *Lockwood v. Bowles*, 46 F.R.D. 625, 632–33 (D.D.C.1969)).

Similarly, the United States Supreme Court has held that a party's failure to furnish relevant information to an opposing party in a lawsuit does not support an independent action for fraud to set aside a judgment. *United States v. Beggerly*, 524 U.S. 38, 46, 118 S.Ct. 1862, 1867, 141 L.Ed.2d 32 (1998). Rather, the Court held that such conduct is of the type intended to be covered by Civil Procedure Rule 60(b)(3), and that expanding the definition of an independent action for fraud to include such conduct would eviscerate the strict one-year time limit for motions under that Rule. *Id.* It also has been said that an independent action for fraud "is available only to prevent a grave miscarriage of justice." 11 Fed. Prac. & Proc. Civ. § 2868, *Independent Action for Relief* (citing *Beggerly*, 524 U.S. at 46, 118 S.Ct. at 1867).

*Id.* at 1182-84.

[12] We concluded that Jahangirizadeh's allegations against Pazouki amounted "to a clear example of 'ordinary' fraud noted in the federal authorities, involving Pazouki's alleged nondisclosure of assets to Jahangirizadeh in order to not have them subject to division by the trial court in the dissolution decree and her alleged general unreliability as a witness." *Id.* at 1184. In reaching this conclusion, we noted the following:

[t]here are no allegations that Pazouki's attorneys were involved in any intentionally fraudulent conduct. There are no allegations of any egregious conduct infringing upon the integrity of the judiciary. The only person negatively impacted by Pazouki's allegedly fraudulent conduct is Jahangirizadeh; the public at large is not affected by the parties' marital property division.

*Id.* As such, we further concluded that

> [t]o the extent Pazouki may have been less-than-forthright regarding her assets—assuming Jahangirizadeh's allegations to be true—this is the type of "ordinary" fraud that must be subject to the one-year time limit of Trial Rule 60(B)(3). Otherwise, the Rule's time limit could be rendered a nullity in a much wider range of cases of supposed "fraud" than was intended to be covered by the Rule. Jahangirizadeh's motion to set aside, as well as his motions to reconsider and to correct error, fail to give support to an independent action for fraud or a claim for fraud on the court. As such, the motion to set aside is barred by the one-year time limit of Trial Rule 60(B)(3).

*Id.*

[13] Similarly, we conclude that Wife's allegations against Husband amounted to "ordinary" fraud as Wife raised no allegation that Husband or his attorneys were involved in any intentionally fraudulent conduct which infringed upon the integrity of the judiciary. Like in *Jahangirizadeh*, the only person who was negatively impacted by Husband's alleged fraudulent conduct is Wife as the public at large is not affected by the parties' marital property division. Consequently, Husband's alleged fraudulent acts—assuming Wife's allegations to be true—constituted the type of "ordinary" fraud that is subject to the one-year time limit set forth in Trial Rule 60(B)(3). *See id.* It is undisputed that Wife's Motion was not filed within this one-year time limit. As such, we

conclude that the trial court did not abuse its discretion in granting Husband's Motion.[4]

[14]    The judgment of the trial court is affirmed.

Mathias, J., and Altice, J., concur.

---

[4] To the extent that Wife intended to raise her claims under Indiana Code section 31-15-7-9.1, Wife has failed to fully develop this claim. Furthermore, Wife's summary allegations—even if assumed to be true—cannot amount to fraud given the terms of the parties' Settlement Agreement. The terms of the Settlement Agreement, which again was incorporated into Wife's Motion by reference, explicitly provide that although the parties' generally intended to have an equal distribution of the marital estate, the parties waived the right to request a financial declaration and acknowledged that the Settlement Agreement might actually result in an unequal distribution. Under these terms, Husband cannot be found to have committed fraud merely for failing to disclose assets to Wife and Wife has presented no specific claims or arguments relating to any fraudulent acts allegedly committed by Husband.